LEONA ZAVORAL, APPELLANT, V. PACIFIC INTERMOUNTAIN
EXPRESS, A CORPORATION, ET AL., APPELLEES.

146 N. W. 2d 796

Filed December 9, 1966. No. 36278.

Van Steenberg, Myers & Burke, for appellant.

Holtorf, Hansen & Kortum and Torgeson, Hurlbut &
Knapp, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER,
SMITH, and McCOWN, JJ., and C. THOMAS WHITE, Dis-
trict Judge.

WHITE, District Judge.

The plaintiff, Leona Zavoral, a passenger, brought suit
against the defendants for personal injuries arising from
a collision of the defendants' truck and a car being op-
erated by plaintiff's husband.  Zavoral v. Pacific Inter-
mountain Express, 178 Neb. 161, 132 N. W. 2d 329, is
a companion case in which the plaintiff's husband, Ron-
ald Zavoral, brought suit for property damage and per-
sonal injuries alleged to have arisen from the same acci-
dent.  The instant case was submitted to a jury on a

special verdict. The jury, in answer to specific questions, found that the defendant driver was guilty of negligence, but found that the negligence did not "amount to a proximate cause of the collision," and fixed no damages. From the jury's verdict and from the order denying the motion for judgment notwithstanding the verdict or, in the alternative for a new trial, the plaintiff appeals.

The plaintiff, in her petition in the trial court, alleged that she was a passenger in the vehicle operated by her husband, which was involved in a collision with a truck, owned by defendant Pacific Intermountain Express and operated by the defendant Naylor, at the intersection of U. S. Highway No. 30 and State Highway No. 29 in Kimball, Nebraska; and that she sustained personal injuries which were proximately caused by the negligence of defendant Naylor.

The amended answer admitted the collision, but alleged that the accident was proximately caused by specified acts of negligence of the plaintiff's husband. Defendants further alleged that the plaintiff and her husband were engaged in a "joint adventure"; that the negligence of plaintiff's driver was imputed to her; and that the negligence was more than slight. No evidence was offered as to "joint adventure," and the matter was not submitted to the jury.

The evidence, offered in the trial court with respect to the facts of the accident, is substantially the same as offered in the companion case of Zavoral v. Pacific Intermountain Express, *supra.* No purpose would be served by setting it out again. This court held in the companion case that the issues of the negligence of plaintiff's husband and of defendant Naylor presented a jury question. On review of the record in the instant case, we hold that a jury question is presented as to the alleged negligence of the plaintiff's driver and of the defendants.

The plaintiff assigns as error the giving of certain instructions by the trial court, and the failure to give cer-

tain other instructions. The plaintiff's first assignment. of error relates to the giving of instruction No. 11. The instruction is set out in full:

"INSTRUCTION NO. 11. In this case, it is not necessary for you to determine whether Ronald Zavoral was or was not negligent in the operation and management of his vehicle, and no questions are submitted in this connection.

You may, however, consider his conduct and the extent to which he observed and met his responsibility to follow the rules of the road from the standpoint of its effect upon the defendant driver and his judgments with respect to his own driving, as one of the circumstances mentioned in the various instructions.

You may further consider the whole conduct of Ronald Zavoral during the time immediately before the collision in connection with the claim of defendants that such conduct constituted the sole proximate cause of the collision."

The plaintiff contends that instruction No. 11 does not submit the pleaded defense of the defendants, which was that the accident was proximately caused by the negligence of the plaintiff's husband, but allowed the jury to speculate on the *conduct* of *plaintiff's* driver and to determine that such conduct was the sole, proximate cause without finding that the plaintiff's driver was negligent. In instruction No. 2, the trial court, in a review of the defendants' answer, states that the defendants "claim that the collision was caused by the conduct of Ronald Zavoral," although the word "conduct" is not contained in the amended answer. The pleaded defense is negligence, which negligence was the sole, proximate cause of injuries to the plaintiff. The phrase "whole conduct" introduces an area of speculation which renders it impossible to determine upon what the jury based its findings. The instruction does not discuss the effect of the negligence of the defendant driver, whether it concurred with negligence of plaintiff's driver or proxi-

mately contributed to the cause of the accident and plaintiff's injuries, nor was the jury advised elsewhere in the instructions.

"It is the duty of the trial court, without request, to submit to and properly instruct the jury upon all the material issues presented by the pleadings and evidence, and such rule applies in cases wherein defendant pleads and adduces evidence that plaintiff's driver was negligent in certain specified particulars and that such negligence was the sole proximate cause of the accident and injuries." Egenberger v. National Alfalfa Dehydrating & Milling Co., 164 Neb. 704, 83 N. W. 2d 523.

Defendants assert that plaintiff may not complain of this instruction, since the trial court's pretrial order held as follows:

"II. The issues appear to be: * * * (5) In view of the fact that the defense contends that the conduct of Ronald Zavoral was the cause of plaintiff's injuries, it is hereby ordered that the conduct of Ronald Zavoral shall not be submitted or considered by the jury from the standpoint of its negligence, by (sic) only as a factor or circumstance in (sic) the issues of negligence and causation raised between the parties." Plaintiff did not file exceptions to the pretrial order.

Generally, the effect of a pretrial order is to control the subsequent course of the action, and unless the order is modified at the trial to prevent a manifest injustice, the court may exclude evidence on issues not stated in the pretrial order, and such issues need not be submitted to the jury. See Annotation, 22 A. L. R. 2d 599.

The pretrial order improperly restricted the issues to the extent that the defense of the negligence of a third party as the sole, proximate cause was not submitted, even though it was pleaded and the evidence justified its submission.

Where a pretrial order improperly restricts the issues, the parties are bound by it at trial and on appeal, where no objection has been made unless it does violence to

the issues raised by the complaint. Fowler v. Crown-Zellerbach Corp., 163 F. 2d 773.

Notwithstanding the pretrial order and the plaintiff's failure to move for its vacation and modification, the trial court was obliged to instruct on the issues raised by the pleadings and the evidence. As this case will have to be retried, a new pretrial order should be entered, correctly setting forth the issues as contained in the pleadings.

The plaintiff further assigns as error the failure of the trial court to instruct the jury that the plaintiff would be entitled to recover if there were negligence on the part of one driver which was the proximate cause of the accident, and negligence on the part of the other driver which proximately contributed to the accident. The trial court did define concurrent negligence in instruction No. 12, but did not inform the jury that if it found that the negligence of defendants and plaintiff's driver concurred to cause the accident, plaintiff should recover.

Barry v. Moore, 172 Neb. 57, 108 N. W. 2d 401, was an action in which a guest sued the driver of another car for personal injuries as a result of a collision between defendant's car and the car in which she was a passenger. The plaintiff alleged in her petition that the defendant was negligent in the operation of his car and that this negligence was the proximate cause of injuries which she sustained. The defendant alleged that the host driver was negligent and that his negligence was the cause of the collision and plaintiff's injuries. The alleged contributory negligence of the plaintiff was not supported by the evidence and was not submitted to the jury. The trial court did not instruct on the theory of concurrent negligence, nor was the jury informed that if the negligence of the host driver was the proximate cause of the accident and the negligence of the defendant's driver proximately contributed to the accident, plaintiff could recover. This court held the failure to so instruct to be reversible error, and remanded the

cause for a new trial. We deem this case to be controlling here.

The plaintiff assigns as error the giving of the fourth paragraph of instruction No. 12, which is as follows: "The circumstances surrounding a situation, including the completed conduct of a person, are conditions. Conduct is complete when its possible effect cannot be altered. Continuing conduct of a person which might be changed or adjusted in accordance with the situation should be considered as a possible cause rather than as a condition."

The plaintiff asserts that this instruction is not clear and not applicable to the facts in this case. The net effect of this instruction is to allow the jury to conclude that when the negligent acts of a party are placed in motion and he is powerless to avoid an accident or collision, the acts of negligence which cannot be changed or altered become a condition and not a cause. Under this instruction, the jury could have found the defendant driver negligent, but could have further found that since the defendant driver could not stop or turn to avoid a collision, his negligent acts were not a cause of the collision or plaintiff's injuries.

While it is true that an alleged cause of an accident may, in reality, be a condition, the acts of the defendant driver and of the plaintiff's husband are directly connected with the collision and the injuries. The factual situation does not justify the giving of this instruction. See Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291.

The plaintiff assigns as error the trial court's instruction in the definition of proximate cause. This case must be remanded for retrial. We merely point out that this court has repeatedly defined proximate cause and has approved instructions relating thereto.

Finally, the plaintiff asserts that the trial court, as a matter of law, should have found that the defendants were negligent and that such negligence was the proximate cause of the injuries to the plaintiff, and that a

retrial should be limited to the question of damages. The relationship of the alleged negligence of each driver to the proximate cause of the collision and plaintiff's injuries has not been considered under proper instructions. This assignment is without merit.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

REVERSED AND REMANDED.