MARJORIE REEDER, ADMINISTRATRIX OF THE ESTATE OF ROGER L. CHRISTENSEN, DECEASED, APPELLANT, V. LARRY RINNE, APPELLEE.

164 N. W. 2d 203

Filed January 17, 1969. No. 37039.

Francis M. Casey, for appellant.

Chambers, Holland, Dudgeon & Beam, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and WILLIAM C. SMITH, JR., District Judge.

BOSLAUGH, J.

This is an action for wrongful death brought by the administratrix of the estate of Roger L. Christensen, deceased. For convenience, the deceased will be referred to as the plaintiff.

The plaintiff died as the result of injuries sustained in an automobile accident on June 30, 1964. The plaintiff was injured while riding in a 1956 Ford automobile operated by the defendant, Larry Rinne.

The jury returned a verdict for the defendant. The motion of the administratrix for a new trial was overruled and she has appealed. The issues presented relate to the sufficiency of the evidence and the instructions to the jury.

The defendant contends that the evidence failed to

establish gross negligence as a matter of law. In determining this question the evidence must be considered in the light most favorable to the administratrix, every controverted fact must be resolved in her favor, and she must have the benefit of every inference that can reasonably be drawn from the evidence.

The accident happened at about 9 p.m. The plaintiff and the defendant had been to Summerfield, Kansas, and were going to Burchard, Nebraska. The defendant was driving north on State Highway No. 99, a gravel road, at about 55 miles per hour. It was dusk and the defendant testified that his headlights were on.

About ¾ of a mile south of where the accident happened, the defendant passed an automobile coming from the north. The defendant testified that it was "extremely dusty" at that time and "I couldn't see." As the defendant came over the top of a hill at the junction with State Highway No. 8 he saw a big cloud of dust ahead of him. The defendant testified that he slowed down to 40 or 50 miles per hour as he entered the cloud of dust.

Just before the impact the defendant saw the back end of a truck in front of him, applied his brakes, and turned to the left. The Ford automobile struck the left rear corner of the truck and went in under the box. The right side of the Ford automobile was caved in and the top was sheared off and bent toward the back.

The truck was a 1946 Chevrolet loaded with approximately 250 bushels of wheat. The truck driver testified that he was traveling at 40 to 45 miles per hour at the time of the impact; that it was a "terrible impact"; and that his first impression was that he had been hit by an airplane. After the accident it appeared that the back wheels of the truck were shifted on the frame.

The traveled portion of the highway was 28 feet wide at the point of impact. The left rear wheels of the truck were 9 feet west of the east edge of the highway at the point of impact. After the impact, the truck traveled 174 feet and overturned in the ditch along the east side

of the highway. The Ford automobile came to rest approximately 100 feet north of the truck.

Gross negligence within the meaning of the motor vehicle guest statute, section 39-740, R. R. S. 1943, is negligence in a very high degree; the absence of slight care in the performance of a duty; or an entire failure to exercise care. Callen v. Knopp, 180 Neb. 421, 143 N. W. 2d 266. Whether gross negligence exists must be determined from the facts and circumstances in each case.

There was evidence in this case from which the jury could find that the defendant entered the cloud of dust at a very high rate of speed. Although the defendant's testimony tended to minimize his rate of speed, the testimony of the truck driver and the physical facts indicate that the Ford automobile was traveling at a very high rate of speed.

After passing through one cloud of dust where he testified he could not see, the defendant proceeded into a second cloud of dust at a high rate of speed in apparent disregard of the fact that the cloud of dust was being caused by a vehicle preceding him. The evidence in this case presented a question for the jury as to whether the defendant was guilty of gross negligence. See, Goss v. Overton, 266 Mich. 62, 253 N. W. 217; Froh v. Hein, 76 N. D. 701, 39 N. W. 2d 11.

The administratrix contends that the instruction of the trial court on speed was erroneous and that an instruction should have been given as to the duty of a driver whose vision is obscured by dust.

The instruction on speed stated in part that the statute provides that no person shall drive a motor vehicle on a highway outside of a city at a rate of speed "exceeding 65 miles per hour between the hours of *sunset and sunrise,* and 60 miles per hour between the hours of *sunset and sunrise,* on any highway that is a part of the State Highway system." (Emphasis supplied.) The instruction was erroneous in that it stated two conflicting limits for the hours between sunset and sunrise and

failed to advise the jury as to the correct limit of 55 miles per hour between sunset and sunrise. § 39-723, R. S. Supp., 1963. However, it is doubtful that this error was prejudicial to the administratrix. The instruction included the further limitation that speed must not be greater than that which is reasonable, proper, and prudent under the conditions then existing, including the condition of the road, and also advised the jury that it is the duty of the driver to decrease speed when special hazards exist by reason of the weather or highway conditions.

The trial court gave no instruction which advised the jury that conditions, such as dust, which obscure the vision of the driver are not intervening causes and do not excuse the driver but require him to exercise a degree of care commensurate with the circumstances. Bosiljevac v. Ready Mixed Concrete Co., 182 Neb. 199, 153 N. W. 2d 864; Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571; Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885. A driver whose vision is obscured should stop until visibility is restored, or reduce his speed so that he can stop immediately if necessary. Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333.

It is the duty of the trial court to instruct on the issues presented by the pleadings and evidence, whether requested to do so or not. Zavoral v. Pacific Intermountain Express, 181 Neb. 40, 146 N. W. 2d 796. The failure of the trial court to instruct in regard to the effect of conditions which obscure the vision of a driver and the duty of a driver whose vision is obscured requires that the judgment be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.