DANUEL D. MUNDT ET AL., APPELLANTS, V. NORTHWESTERN BELL TELEPHONE COMPANY, A CORPORATION, APPELLEE.

430 N.W.2d 530

Filed October 21, 1988.   Nos. 86-957, 86-958, 86-959.

Jim Zimmerman and Joy Shiffermiller, of Atkins Ferguson Zimmerman Carney, P.C., for appellants Mundt et al.

James R. Hancock, of Hancock & Denton, P.C., for appellant City of Alliance.

Ruth Anne Evans and Gregory H. Rhodes for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and HOWARD, D.J., and COLWELL, D.J., Retired.

WHITE, J.

This is a consolidated appeal from actions brought by plaintiffs in the district court for Box Butte County for personal injuries sustained when debris from a parapet wall that had

collapsed struck them. The defendant, Northwestern Bell, had anchored a self-supporting telephone cable to the wall, and plaintiffs alleged in their complaints that defendant's negligence caused the collapse of the wall and resultant injuries. In *Behm v. Northwestern Bell Telephone Co.*, case No. 86-959, the jury found the defendant negligent and awarded damages to plaintiff Dennis L. Behm. The doctrine of issue preclusion being applicable, the two remaining cases, *Mundt v. Northwestern Bell Telephone Co.*, case No. 86-957, and *Griffith v. Northwestern Bell Telephone Co.*, case No. 86-958, were tried on the issue of damages alone. The defendant filed motions for new trial, which were sustained by the trial court on October 21, 1986. Plaintiffs appeal from the district court's orders granting new trials and request that the judgments for the plaintiffs be reinstated.

In defendant's answers to plaintiffs' second amended petitions, Northwestern Bell alleged that the collapse of the wall was due solely to the negligence of the plaintiff City of Alliance because it was vicariously responsible for the alleged negligent acts of its employees.

The substance of the evidence adduced at trial is as follows. On June 9, 1983, Lloyd Prettyman and plaintiff Danuel D. Mundt, employees of the City of Alliance, were using a mobile aerial tower mounted on a truck, known as a cherrypicker, to paint the front of a building owned by the city. Prettyman was in the bucket of the cherrypicker, painting, and Mundt was on the ground below, operating the air compressor. The front of the building was capped by a parapet wall, which is a non-load-bearing wall above the roofline of the building designed only for ornamental purposes. Attached to the wall, Northwestern Bell had anchored one end of an 80-foot self-supporting cable. Though the record is unclear, it appears that the cherrypicker was positioned somewhere beneath the cable. Prettyman testified that he raised the bucket to the point where the boom of the cherrypicker touched the cable and raised it "Oh, quarter of an inch." He then motioned to Mundt for more hose for the spray gun. Mundt asked plaintiffs Lot Curtiss Griffith and Behm, two fellow City of Alliance workers who were in the area, for help in moving the air compressor.

Prettyman further testified that it took Mundt, Griffith, and Behm "five minutes or so" to move the compressor, and then he resumed painting. At a point some 5 to 7 minutes after Prettyman had moved the bucket, he felt the truck shake and saw that the wall had collapsed, injuring Mundt, Griffith, and Behm, who were standing next to the wall and were hit by falling debris. The record indicates that there were no witnesses who actually saw the wall topple.

Defendant called Rex Perrin, who arrived at the scene of the accident shortly after it had occurred, to testify. He stated that Prettyman turned to him and said, "I didn't see the wire and I must have caught it and that's what pulled it from the wall." Plaintiffs' counsel objected on hearsay grounds but was overruled.

Both plaintiffs and defendant put on expert testimony relating to the possible cause of the wall's collapse. Conflicting evidence was presented by each expert on the amount of load the cable put on the parapet wall, the amount of sag in the line and clearance above the road, and whether the cable had been properly anchored. In summary, plaintiffs' expert, relying in part on prior testimony that the mortar was crumbly, stated that the installation of the cable was improper since the parapet wall was not structurally sound. He further stated that the wall could have collapsed at any time and that Prettyman's contact with the wire would not have pulled the wall down if the wire had been properly anchored in the first place. Defendant's expert's opinion was that since the wall was made of brittle material, it had to experience a force greater than the force that was already on the wall in order to collapse, and that the only entity in the area that could apply that force to the cable was the aerial lift.

At the end of the trial, included in defendant's request for jury instructions was a request that NJI 3.43 on intervening cause be given. That instruction was not given, but NJI 3.41 on proximate cause was used, as well as an instruction to the effect that the defendant, Northwestern Bell, was exonerated in the event that the jury found the sole proximate cause was the actions of the City of Alliance employees. The jury returned verdicts for the plaintiffs, and defendant made motions for new

trials, citing as one of its various grounds for the motions the failure on the part of the district court to give NJI 3.43. The court sustained defendant's motions on that basis.

The first error assigned is that the district court erred in granting new trials for the reason the evidence and the law did not require, nor permit, the court to instruct on the issue of intervening cause.

> The standard of review of an order granting a new trial is whether the trial court abused its discretion. . . . A motion for new trial should be granted only where there is error prejudicial to the rights of the unsuccessful party. Unless such error appears, a party who has sustained the burden and expense of trial, and who has succeeded in securing a verdict on the facts in issue, has a right to keep the benefit of that verdict.

*Hegarty v. Campbell Soup Co.*, 214 Neb. 716, 720-21, 335 N.W.2d 758, 762 (1983).

At issue in this case is the jury instruction given to the jury, based on NJI 3.41. The text of the instruction as given is as follows:

> By "proximate cause" is meant a moving or effective cause or fault, which, in the natural and continuous sequence, *unbroken by an intervening cause*, produces the occurrence, and without which the occurrence would not have taken place.

> A "proximate result" is that result brought about or produced by a proximate cause. It must have been a natural and probable consequence which was, or ought to have been reasonably foreseen or anticipated in the light of attendant circumstances. It is not required, however, that the particular injury, or the happening, was or should have been foreseen.

(Emphasis supplied.) Defendant argues that prejudicial error occurred when the jury was given this instruction without any other instruction defining "intervening cause." The present instruction on intervening cause, NJI 3.43, reads in part that "[a]n efficient intervening cause is a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury." In

essence, Northwestern Bell's theory is that since the jury did not know what the legal term "intervening cause" meant, it therefore could not make a determination as to whether Prettyman's act of touching the cable was of sufficient character to break the chain of causation and insulate Northwestern Bell from liability.

The question presented is whether, under the state of the evidence, defendant Northwestern Bell was entitled to an instruction on efficient intervening cause.

An efficient intervening cause, now more commonly called a superseding cause, is an independent act of a third person or another force, which itself is the proximate cause of the injury in question. See *Zeller v. County of Howard*, 227 Neb. 667, 419 N.W.2d 654 (1988). See, also, Restatement (Second) of Torts § 440 (1965) (defining "superseding cause"). However, an intervening act or force, which the defendant reasonably should have foreseen and guarded against, is not a superseding cause which precludes the defendant's liability. *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984); *Shelton v. Board of Regents*, 211 Neb. 820, 320 N.W.2d 748 (1982).

The evidence on the foreseeability of equipment's coming into contact with the line presents a close question. On the one hand, Northwestern Bell argues that a plainly visible cable approximately 20 feet above a street cannot be expected to be struck by a reasonably alert motorist or equipment operator. Plaintiffs, however, contend that the frequency of contact with wires over roadways in farm or industrial areas indicates the risk of contact was indeed foreseeable. Suffice it to say that we are not convinced, as a matter of law, that contact with the wire was or was not foreseeable, thus leaving the issue to the fact finder.

Having said this, it is apparent that the issue of an intervening (superseding) cause having been pleaded by Northwestern Bell, facts introduced justifying the instruction having been placed before the jury, and the instruction requested, it was prejudicial error for the trial court not to have given the instruction on an issue raised by the pleadings and evidence. *Reeder v. Rinne*, 183 Neb. 734, 164 N.W.2d 203

(1969).

It may well be that at an appropriate time and in an appropriate case, the intervening cause instruction will pass from the scene. It does not appear to us that this is either the appropriate time or case.

In this case we are faced with the fact that the phrase "intervening cause" is mentioned in the proximate cause instruction, but was never defined in any instruction given. We are unable to conclude that the absence of an instruction on intervening (superseding) cause did not affect the jury's deliberations. The trial court did not abuse its discretion in granting the motions for new trial. The judgments are therefore affirmed.

AFFIRMED.