DENNIS L. BEHM, APPELLANT, AND CITY OF ALLIANCE, A MUNICIPAL CORPORATION, APPELLEE, V. NORTHWESTERN BELL TELEPHONE COMPANY, A CORPORATION, APPELLEE.

491 N.W.2d 334

Filed November 6, 1992.    No. S-89-1316.

J.L. Zimmerman and Joy Shiffermiller, of Atkins Ferguson Zimmerman Carney, P.C., for appellant.

Joseph K. Meusey and Richard W. Ratz, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Albert T. Reddish, and Ruth Anne Evans for appellee Northwestern Bell.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Plaintiff Dennis L. Behm appeals from an order of the district court overruling his motion for a new trial and a jury verdict in favor of the defendant, Northwestern Bell Telephone Company. This case was previously before this court in *Mundt v. Northwestern Bell Tel. Co.*, 230 Neb. 192, 430 N.W.2d 530 (1988), at which time the court affirmed the district court's previous order granting Northwestern Bell new trials after jury verdicts in favor of the plaintiffs. Most of the essential facts appear in *Mundt, supra*.

Assigned as error are the giving of certain instructions on intervening cause and contributory negligence, the admitting of certain evidence, and the allowing of testimony by defendant's expert witnesses.

"All the jury instructions given must be read together, and if, taken as a whole, they correctly state the law, are not

misleading, and adequately cover the issues supported by the pleadings and the evidence, there is no prejudicial error necessitating a reversal." *Grote v. Meyers Land & Cattle Co.*, 240 Neb. 959, 973, 485 N.W.2d 748, 759 (1992).

"[I]n all proceedings where the Nebraska Evidence Rules apply, admissibility of evidence is controlled by the Nebraska Evidence Rules, not judicial discretion, except in those instances under the Nebraska Evidence Rules when judicial discretion is a factor involved in admissibility of evidence . . . ." *State v. Messersmith*, 238 Neb. 924, 936, 473 N.W.2d 83, 92 (1991). Therefore, the admissibility of evidence is reviewed for abuse of discretion where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial judge.

An issue in *Mundt* involved the giving by the trial court of NJI Civ. 3.41 on proximate cause and the failing to give NJI Civ. 3.43 on intervening cause. We stated as follows:

> Having said this, it is apparent that the issue of an intervening (superseding) cause having been pleaded by Northwestern Bell, facts introduced justifying the instruction having been placed before the jury, and the instruction requested, it was prejudicial error for the trial court not to have given the instruction on an issue raised by the pleadings and evidence. *Reeder v. Rinne*, 183 Neb. 734, 164 N.W.2d 203 (1969).

*Mundt*, 230 Neb. at 196-97, 430 N.W.2d at 533.

This issue arose because of an incident occurring on June 9, 1983, when Lloyd Prettyman, an employee of the City of Alliance, was painting a warehouse owned by the city, using a "cherrypicker" truck. On an earlier date, Northwestern Bell had attached a telephone cable to the parapet wall of the warehouse, which was a freestanding facade of laid bricks not otherwise secured or braced.

Another employee of the city, Danuel D. Mundt, was on the ground operating the air compressor. Prettyman motioned to Mundt to give him more hose for the spray gun, and Prettyman testified that he raised the bucket to the point where the boom of the cherrypicker touched the cable and raised it "[o]h, quarter of an inch." Mundt enlisted the aid of two fellow

employees, Behm and Lot Curtiss Griffith, who were in the area, to help him move the compressor. After the compressor was moved, Prettyman resumed painting. At a point 5 to 7 minutes after he had moved the bucket, Prettyman felt the truck shake and saw that the wall had collapsed. The collapse of the wall injured Mundt, Griffith, and Behm, who had been standing next to the wall and were hit by falling debris.

At the first trial, see *Mundt*, Rex Perrin testified that he arrived at the scene of the accident shortly after it occurred. He stated that Prettyman told him, "I didn't see the wire and I must have caught it and that's what pulled it from the wall." *Mundt*, 230 Neb. at 194, 430 N.W.2d at 531.

For all intents and purposes, the record in this trial duplicates the evidence found in *Mundt*, although some additional facts will be added as we proceed. Therefore, the basic issue in the two cases is the same.

In *Mundt*, the court instructed the jury on proximate cause in the words of NJI Civ. 3.41 as follows:

"By 'proximate cause' is meant a moving or effective cause or fault, which, in the natural and continuous sequence, unbroken by an intervening cause, produces the occurrence, and without which the occurrence would not have taken place.

"A 'proximate result' is that result brought about or produced by a proximate cause. It must have been a natural and probable consequence which was, or ought to have been reasonably foreseen or anticipated in the light of attendant circumstances. It is not required, however, that the particular injury, or the happening, was or should have been foreseen."

(Emphasis omitted.) *Mundt*, 230 Neb. at 195, 430 N.W.2d at 532.

During this second trial, Northwestern Bell had also requested that an instruction in the form of NJI Civ. 3.43 be given on intervening cause. NJI Civ. 3.43 reads as follows:

An efficient intervening cause is a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury. A person is not legally responsible for an injury if it

would not have resulted but for the interposition of an efficient intervening cause, which he should not have reasonably anticipated.

The trial court did not give this instruction in *Mundt*, but did so in this, the second trial. In *Mundt*, Northwestern Bell had argued that "since the jury did not know what the legal term 'intervening cause' meant, it therefore could not make a determination as to whether Prettyman's act of touching the cable was of sufficient character to break the chain of causation and insulate Northwestern Bell from liability." *Mundt*, 230 Neb. at 196, 430 N.W.2d at 532.

Continuing, as we have previously mentioned, the court in *Mundt* stated,

Having said this, it is apparent that the issue of an intervening (superseding) cause having been pleaded by Northwestern Bell, facts introduced justifying the instruction having been placed before the jury, and the instruction requested, it was prejudicial error for the trial court not to have given the instruction on an issue raised by the pleadings and evidence.

*Mundt*, 230 Neb. at 196, 430 N.W.2d at 533.

Concluding, we said:

In this case we are faced with the fact that the phrase "intervening cause" is mentioned in the proximate cause instruction, but was never defined in any instruction given. We are unable to conclude that the absence of an instruction on intervening (superseding) cause did not affect the jury's deliberations. The trial court did not abuse its discretion in granting the motions for new trial.

*Mundt*, 230 Neb. at 197, 430 N.W.2d at 533.

Plaintiff seizes upon our language in *Mundt* that at an appropriate time and in an appropriate case perhaps the intervening cause instruction will pass from the scene, but we did not deem that to be either the appropriate time or case. We have not changed our mind, and the trial court in the trial of this case simply followed the directions previously given by the court.

In any event, Behm did not argue at trial that no intervening cause instruction should be given. Rather, he offered two

intervening cause instructions of his own, which merely added language to that of the instruction ultimately given. Behm's only objection to instruction No. 16 was that the district court was "not offering [sic] the intervening cause and the alternative we've proposed." Since Behm did not argue at trial that no intervening cause instruction should be given, he cannot make that argument on appeal.

During this second trial, Northwestern Bell offered into evidence "The Lineman's and Cableman's Handbook" as well as the testimony of various Alliance city employees as to the safe operation of the cherrypicker. The district court admitted the handbook over Behm's relevancy, foundation, and best evidence objections. Behm also objected to the testimony of Bob Best, the city's electrical line foreman for 17 years, regarding the safe use of the cherrypicker, on various foundation and relevancy grounds. Best's testimony was allowed.

Behm also moved in limine at this trial to prevent Oscar Amrhyn, Donald Wandling, Dr. David Kentsmith, Dr. John Goldner, Dr. John Glissman, Ian Chin, and John Seidensticker from testifying as experts for Northwestern Bell. Behm stated that the existence of these witnesses and the subjects of their testimony had not been revealed through answers to interrogatories. The district court denied the motion. Wandling, Glissman, and Chin did in fact testify for Northwestern Bell at the second trial.

Behm argues on appeal that Perrin's former testimony as to Prettyman's statement, "I didn't see the wire and I must have caught it and that's what pulled it from the wall," was improperly admitted. Behm concedes that Perrin's former testimony is not hearsay because it satisfies the requirements of Neb. Rev. Stat. § 27-801(4)(a)(i) (Reissue 1989)—it is the prior sworn testimony of a person testifying in the current proceeding, it is subject to cross-examination, and it is inconsistent with his current testimony. Prior inconsistent sworn statements "previously characterized as hearsay available for the purpose of impeachment only [are now] substantive evidence of fact contained in the statement, provided the requirements prescribed by Rule 801(4)(a)(i) are

satisfied." *State v. Johnson*, 220 Neb. 392, 397, 370 N.W.2d 136, 140 (1985).

Behm argues that Prettyman's statement to Perrin is itself hearsay and would be admissible only to impeach Prettyman. Behm is correct that where an out-of-court statement relates the content of another out-of-court statement—"hearsay within hearsay"—there must be an independent hearsay exception for each statement. See Neb. Rev. Stat. § 27-805 (Reissue 1989) ("[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules"). However, Behm's contention—and this assignment of error—fail for two reasons.

First, Behm's objection does not clearly raise the ground he now urges on appeal. In objecting to the reading of Perrin's former testimony regarding Prettyman's statement, Behm's counsel stated, "He wasn't familiar with what went on or happened. Secondly it's not against Mr. Behm." The first sentence of the objection, although unclear as to whether referring to Perrin or Prettyman, is a foundational, basis-of-knowledge objection. It was properly overruled, since the record elsewhere makes clear that Prettyman was present when the accident occurred and that Perrin was present when Prettyman made his statement. The meaning of the second sentence of the objection is not understandable.

Second, Prettyman's statement is admissible as an "excited utterance" under Neb. Rev. Stat. § 27-803(1) (Reissue 1989). "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is "not excluded by the hearsay rule, even though the declarant is available as a witness." § 27-803. Here, the statement related to a startling event: It was Prettyman's spontaneous explanation of an accident which had injured three of his coworkers. The statement was made "within one minute" of the accident. At the time he made the statement, Prettyman appeared "extremely nervous, shaken, [and] upset." Prettyman's statement was admissible under § 27-803(1), and this assignment of error is therefore without merit.

Behm assigns as error the admission of "The Lineman's and Cableman's Handbook" and city electrical department personnel's testimony on using a Hi-Ranger boom truck around energized lines. The latter is apparently a reference to the testimony of Best, the former city electrical line foreman. Behm argues that the handbook is hearsay outside of any "learned treatise" exception and that the testimony in question was irrelevant, as Best supervised the city's electrical department and Prettyman worked in the city's sewer and water department. Neither argument is sufficient to sustain the assignment of error.

As to the handbook, Behm's purported grounds for appeal were not raised by his objection to the admission of the handbook at trial. Behm objected on relevance, foundation, and best evidence grounds. Now, Behm argues that the handbook was inadmissible hearsay. "To preserve a claimed error in admission of evidence, a litigant must make a timely objection which *specifies the ground* of the objection to the offered evidence." (Emphasis supplied.) *Crewdson v. Burlington Northern RR. Co.*, 234 Neb. 631, 638, 452 N.W.2d 270, 278 (1990). Obviously, where the grounds specified for the objection at trial are different from the grounds advanced on appeal, nothing has been preserved for this court to review.

As to Behm's argument that Best's testimony was irrelevant, Behm has specified no prejudice in the admission of this evidence. Prettyman himself testified that he had been instructed to beware of overhead wires while operating the cherrypicker "because you might break the wire." That advice is the essence of Best's testimony as well. Thus, it matters little whether Prettyman got his instruction in the use of the cherrypicker from the city's electrical department, because he was clearly aware of the danger of pulling down an overhead wire. Best's testimony was, at worse, cumulative, and its admission did not constitute prejudicial error. This assignment of error is without merit.

Behm argues that Northwestern Bell should not have been allowed to present the testimony of Wandling, Glissman, Chin, and William Hime, on the grounds that Northwestern Bell failed to make appropriate disclosures in answers to

interrogatories. The inclusion of Hime on this list is somewhat puzzling, as his name was not included on Behm's motion in limine with response to Northwestern Bell's experts. At any rate, after the district court overruled the motion in limine, Behm did not object to any of the witnesses at the time they testified.

> "When a court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence, previously sought to be excluded by the motion, is offered during trial and cannot predicate error on the admission of evidence to which no objection was made when the evidence was adduced."

*State v. Coleman*, 239 Neb. 800, 810-11, 478 N.W.2d 349, 356 (1992). Behm has not properly preserved this purported error.

Moreover, the record nowhere includes the allegedly defective answers to interrogatories nor any other proof that the challenged witnesses and their testimony were not properly disclosed. "It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court is to be affirmed." *In re Interest of R.R.*, 239 Neb. 250, 253, 475 N.W.2d 518, 520 (1991). This assignment of error is without merit.

Behm's final assignment of error is that the trial court erred in instructing the jury as to contributory negligence. Behm argues that the evidence does not warrant such an instruction and attempts to analogize his part in the accident with that of a person on a sidewalk who is struck by an automobile. This analogy is without merit. Behm was not a naive member of the public struck by the falling wall by happenstance, but an electrical lineman trained in the use of the very piece of equipment involved in the accident—the cherrypicker. He was aware of the danger inherent in working under the bucket of the cherrypicker. He testified that where working under the bucket was unavoidable, one person on the ground should act as a lookout. Despite Behm's knowledge and experience, he was working under the boom of the cherrypicker with two other city employees—neither of whom was acting as a lookout—when he was injured.

" 'Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury and which, concurring and cooperating with actionable negligence on the part of the defendant, contributes to the injury.' " *Haselhorst v. State*, 240 Neb. 891, 901-02, 485 N.W.2d 180, 189 (1992). Behm's actions, coupled with his knowledge and experience, provide sufficient evidence of contributory negligence to submit the issue to the jury. Therefore, the instruction regarding contributory negligence was proper, and this assignment of error is without merit.

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

In my view, the record does not disclose evidence that justified the court's submission of the issue of the appellant Behm's contributory negligence. I therefore dissent.