Michael Sacco, appellant, v. Gary Carothers, doing business as the Round Table, appellee.

567 N.W.2d 299

Filed August 15, 1997.    No. S-95-1257.

Vincent M. Powers for appellant.

J. Arthur Curtiss and David D. Zwart, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

GERRARD, J.
Michael Sacco sustained serious injuries in a fight in the parking lot of the Round Table tavern on December 24, 1991. Sacco alleged that Gary Carothers, the owner of the Round Table tavern in Grand Island, Nebraska, or his employee was negligent in failing to contact law enforcement, failing to have proper security, failing to provide proper training for employees, ordering the parties to "take it outside," and failing to stop the altercation. Sacco appeals from a jury verdict in favor of Carothers. Because we conclude that the district court erred in instructing the jury as to efficient intervening cause, we reverse, and remand for a new trial. For the reasons that follow, we further instruct the trial courts of this state to discontinue the prac-

tice of separately instructing juries regarding efficient intervening cause.

## FACTUAL BACKGROUND

On December 24, 1991, Sacco and his brother Dominic Sacco (Dominic) went to the Round Table around noon. For the remainder of the day, the two drank and played pool. Perry Roeber arrived at the Round Table at approximately 5:30 or 6 p.m. and drank throughout the evening.

Between 9 and 9:30 p.m., the bartender, Jeanette Zahm, was the only one on duty; the bar was busy, serving between 50 and 70 people. Zahm was assisted by Craig Douglas, a customer who helped her serve drinks, picked up glasses, and broke up fights, and by Frank Matthews, a frequent customer who had broken up scuffles in the bar on previous occasions.

At approximately 9 p.m., Dominic left the Round Table and was gone for approximately 20 to 30 minutes. In the interim, Sacco and Roeber got into a scuffle over payment of a pool bet. Matthews heard that a fight was going on in the back room. He went back, broke it up, and told Sacco and Roeber to take it outside. Zahm also heard raised voices and saw pushing and shoving. She went over to the pool table and told Sacco and Roeber that if they were going to fight, they had to take it outside or she would call the police. Roeber does not remember Matthews telling them to go outside, but testified that Douglas told them to take it outside. Zahm did not call the police at this point because Douglas had gotten between Sacco and Roeber, there was no more pushing or shoving, and "it was pretty well broken up," although the two men were still exchanging hostile words.

Roeber said that he was going to leave and walked out the back door. Roeber told Sacco that he would be outside if Sacco wanted to finish the fight. Roeber's friend, Brian Putscher, followed Roeber out the back door, as did Matthews. Roeber waited outside for Sacco, then sent Putscher in to retrieve his coat so that he could leave. As Putscher was going in, Sacco came out of the back door. In a quick walk, he approached Roeber, swung at him, and hit him in the shoulder or the chest. Roeber swung back at Sacco, hitting him in the face or jaw. When the two men fell on the ice in the parking lot, Sacco hit his head on the ground.

Matthews pulled the men apart, and Roeber left the tavern's parking lot. Matthews initially told Zahm not to call the emergency number, 911, because Sacco was breathing. Ten or fifteen minutes later, Matthews told Zahm to call 911. At this point, Dominic returned to the Round Table, told them not to call anyone, and asked for help loading Sacco into his truck. Dominic took Sacco to his apartment rather than to the hospital because he did not think that he was seriously hurt; he thought that Sacco had passed out because he had had too much to drink. Later that night, Dominic noticed blood coming out of Sacco's mouth and called an ambulance.

Zahm had worked in the food and beverage industry since 1978 or 1979 and had worked at the Round Table since 1989. Carothers had not provided her with formal training as to her responsibilities regarding the property adjacent to the tavern or in how to recognize when a customer has had too much to drink and should be cut off. Zahm stated that she would have called the police immediately if there had been a fight inside the tavern, but that she felt no obligation to prevent the men from having a scuffle in the parking lot. Zahm testified that she was not concerned that either of the men would be injured in a fight because, while she knew a fight could possibly occur, 8 or 9 times out of 10 the parties would go out, scream at each other, and then come back in. Moreover, Zahm testified that she knew that if something happened, Matthews would make sure that no one else became involved.

Sacco alleged that Carothers, the owner of the Round Table, or his employee was negligent in failing to contact law enforcement, failing to have proper security, failing to properly train his employees, ordering the parties to take it outside, and failing to stop the altercation. Carothers denied that he was negligent and alleged that Sacco was contributorily negligent in a degree more than slight in conducting himself in an aggressive and hostile manner, failing to keep himself under reasonable control, failing to heed instructions to cease and desist in his hostile and aggressive conduct, leaving the bar by the back door with the intention of engaging in physical aggression, and provoking, instigating, and escalating a physical altercation with another patron. Carothers also alleged that Sacco had voluntarily

assumed the known risk of personal injury resulting from a physical confrontation.

The district court overruled Sacco's motion for a directed verdict on the issue of Carothers' negligence and overruled Carothers' motion to dismiss the petition or for a directed verdict. Sacco objected, among other things, to the giving of a jury instruction as to efficient intervening cause. The parties' counsel had the following exchange at the instruction conference:

> THE COURT: Instruction No. 8 is intervening cause.
>
> [PLAINTIFF'S ATTORNEY]: On behalf of the plaintiff, I object to this. NJI 2nd has stated that it's not necessary. This is also not correct. It's not an accurate reflection of the law . . . and I don't think it is necessary in this case, and in essence directs a verdict to the defendant.
>
> [DEFENDANT'S ATTORNEY]: My response is that it falls far short of directing a verdict, and it's only appropriate because NJI recommends no instruction except in the case where it's appropriate, and in this case certainly considering the physical intervention of Perry Roeber, it's appropriate.
>
> THE COURT: Okay. Instruction 8 will be given.

The jury returned a verdict in favor of Carothers, and the district court entered judgment accordingly. Sacco timely appealed.

## SCOPE OF REVIEW

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Boettcher v. Balka,* 252 Neb. 547, 567 N.W.2d 95 (1997); *Hynes v. Hogan,* 251 Neb. 404, 558 N.W.2d 35 (1997).

## ASSIGNMENTS OF ERROR

Sacco assigns 11 errors. In light of our holding, we will discuss only one of these assigned errors: that the district court erred in instructing the jury as to efficient intervening cause.

## ANALYSIS

### INSTRUCTION NO. 8

Sacco alleges that the district court erred in giving the jury instruction No. 8, an instruction describing efficient intervening cause. Sacco contends that such an instruction was unnecessary

14

and prejudicial based on the facts of the instant case. Carothers, however, asserts that the physical intervention of Roeber, a third party, was an efficient intervening cause and that, accordingly, the instruction was justified.

The district court instructed the jury that a proximate cause "is a cause that produces a result in a natural and continuous sequence, and without which the result would not have occurred." Instruction No. 8 as to efficient intervening cause read as follows:

> An efficient intervening cause is a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury. A person is not legally responsible for an injury if it would not have resulted but for the interposition of an efficient intervening cause, which he should not have reasonably anticipated.

> Actions which are a normal response to the stimulus of a situation created by another are not an efficient intervening cause.

> If an act is of a character which, according to the usual experience of mankind, is liable to invite, induce, or set into operation the intervention of some subsequent cause, the subsequent cause is not an efficient intervening cause.

> It is usually difficult to distinguish between that which is a cause and that which is only a condition. An alleged cause may be merely a condition and not a real cause. It is not sufficient if the conduct charged, whether wrongful or not, does nothing more than furnish a condition by which an injury is made possible. If a condition permits injury through the subsequent independent act of another, the condition is not a proximate cause of the injury.

We must determine whether, on the facts of the instant case, the instruction regarding efficient intervening cause was properly given to the jury.

An efficient intervening cause is a new, independent force intervening between the defendant's negligent act and the plaintiff's injury by the negligence of a third person who had full control of the situation, whose negligence the defendant could not anticipate or contemplate, and whose negligence resulted

directly in the plaintiff's injury. *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs.*, 248 Neb. 651, 538 N.W.2d 732 (1995); *Merrick v. Thomas*, 246 Neb. 658, 522 N.W.2d 402 (1994). An efficient intervening cause must break the causal connection between the original wrong and the injury. See *Vredeveld v. Clark*, 244 Neb. 46, 504 N.W.2d 292 (1993).

The doctrine that an intervening act cuts off a tort-feasor's liability comes into play only when the intervening cause is not foreseeable. *Haselhorst v. State*, 240 Neb. 891, 485 N.W.2d 180 (1992). Foreseeability that affects proximate cause relates to the question of whether the specific act or omission of the defendant was such that the ultimate injury to the plaintiff reasonably flowed from the defendant's alleged breach of duty. See *Clohesy v. Food Circus Supermkts.*, 149 N.J. 496, 694 A.2d 1017 (1997). Clearly, a defendant cannot be relieved from liability for his or her negligence by the fact that the very harm from which the defendant has failed to protect the plaintiff has occurred. An action that was foreseeably within the scope of the risk occasioned by the defendant's negligence cannot be said to supersede that negligence. See, *Anderson/Couvillon v. Nebraska Dept. of Soc. Servs., supra* (concluding that where defendant has duty to anticipate intervening criminal act and guard against it, criminal act cannot supersede defendant's liability); W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 44 (5th ed. 1984).

Thus, if the likelihood of the intervening act was one of the hazards that made defendant's conduct negligent—that is, if it was sufficiently foreseeable to have this effect—then defendant will generally be liable for the consequences. *Haselhorst v. State, supra.* In the instant case, the specific risk against which Carothers allegedly failed to exercise due care was the likelihood that Roeber and Sacco would engage in a fight in the parking lot. Carothers' alleged negligence consisted of the failure to protect Sacco from the very risk Carothers now asserts is an efficient intervening cause. Because the harm resulting from a fight is precisely the harm against which Carothers is alleged to have had a duty to protect Sacco, the "intervention" of Roeber cannot be said to be an independent act that would break the causal connection between Carothers' negligence and Sacco's injuries.

We conclude, as a matter of law, that the physical activity of Roeber in engaging in a fight with Sacco was not an efficient intervening cause. Consequently, we hold that the district court erred in instructing the jury as to efficient intervening cause.

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Dolberg v. Paltani,* 250 Neb. 297, 549 N.W.2d 635 (1996); *Hamernick v. Essex Dodge Ltd.,* 247 Neb. 392, 527 N.W.2d 196 (1995).

A litigant is entitled to have the jury instructed only upon those theories of the case which are presented by the pleadings and which are supported by competent evidence. *McLaughlin v. Hellbusch,* 251 Neb. 389, 557 N.W.2d 657 (1997); *Sedlak Aerial Spray v. Miller,* 251 Neb. 45, 555 N.W.2d 32 (1996). The pleadings in the instant case did not raise the issue of efficient intervening cause, nor was the concept of intervening cause introduced in the proximate cause instruction given by the trial court.

An instruction on a matter not an issue in the litigation distracts the jury from its effort to answer legitimate, factual questions raised during the trial. *Traphagan v. Mid-America Traffic Marking,* 251 Neb. 143, 555 N.W.2d 778 (1996). Submission of an issue on which the evidence is insufficient to sustain an affirmative finding is generally prejudicial and results in a new trial. *Kudlacek v. Fiat S.p.A.,* 244 Neb. 822, 509 N.W.2d 603 (1994); *Vredeveld v. Clark,* 244 Neb. 46, 504 N.W.2d 292 (1993). Instructing the jury as to efficient intervening cause when the facts of the case did not raise the possibility that an intervening cause broke the causal connection between Carothers' alleged negligence and Sacco's injuries distracted the jury from questions properly raised in the case and was prejudicial to Sacco.

Accordingly, we conclude that the district court erred in instructing the jury as to efficient intervening cause and that this error was prejudicial to Sacco.

### INSTRUCTION ON EFFICIENT INTERVENING CAUSE DISAPPROVED

Because this matter is remanded for a new trial, we conclude that it is appropriate to consider whether or not sufficient reasons exist for trial courts to continue to instruct lay juries

regarding the concept of efficient intervening cause. The granting of an efficient intervening cause instruction in the instant case typifies the confusion that persists when the concept of efficient intervening cause, often referred to as superseding cause, is treated as separate from that of proximate cause. For the following reasons, we determine that the practice of instructing juries regarding "efficient intervening" cause should henceforth be discontinued by the trial courts of this state.

In order to succeed in an action based on negligence, the plaintiff must establish the defendant's duty not to injure the plaintiff, breach of that duty, proximate causation, and damages. *Ackles v. Luttrell,* 252 Neb. 273, 561 N.W.2d 573 (1997). Thus, one essential element of a plaintiff's cause of action is that there be "some reasonable connection" between the negligent act of the defendant and the damage suffered by the plaintiff. See W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 41 (5th ed. 1984). In Nebraska, a defendant's negligence is not actionable unless it is a proximate cause of the plaintiff's injuries or is a cause that proximately contributed to them. *Kudlacek v. Fiat S.p.A., supra.*

Generally, a superseding or intervening cause is "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts § 440 at 465 (1965). We have defined an efficient intervening cause as a new and independent act, itself a proximate cause of an injury, which breaks the causal connection between the original wrong and the injury. *Behm v. Northwestern Bell Tel. Co.,* 241 Neb. 838, 491 N.W.2d 334 (1992); *Shahan v. Hilker,* 241 Neb. 482, 488 N.W.2d 577 (1992). However, "intervening cause" itself is a "highly unsatisfactory" term. See Keeton et al., *supra,* § 44 at 302.

Instead, the question of efficient intervening causation is, in essence, one of proximate causation. The concepts of negligence and proximate cause are sufficient to encompass notions of efficient intervening causation without the attendant confusion.

First, the concept of efficient intervening cause is subsumed by our concepts of proximate cause and concurrent cause. A proximate cause is a cause that produces a result in a natural

and *continuous* sequence, and without which the result would not have occurred. See *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co.*, 229 Neb. 160, 425 N.W.2d 872 (1988). Where separate and independent acts of negligence by different persons combine to produce a single injury, each participant is liable for the damage, although one of them alone could not have caused the result. *Miles v. Box Butte County*, 241 Neb. 588, 489 N.W.2d 829 (1992). Furthermore, if the effects of a defendant's negligence actively and continuously operate to bring about harm to another, the fact that the active negligence of a third person is also a substantial factor in bringing about the harm does not protect the defendant from liability. *Kudlacek v. Fiat S.p.A.*, 244 Neb. 822, 509 N.W.2d 603 (1994).

Accordingly, the trier of fact in the instant case, in determining whether the actions of Carothers and Zahm were the proximate cause of Sacco's injuries, must necessarily determine whether or not an "intervening cause" had broken the causal chain. In order to find that Carothers' alleged negligence was the proximate cause of Sacco's injury, the jury would have to find that no other new and independent cause (as opposed to one set in motion by or flowing from the first act) was "the" proximate cause of the injury. To instruct the jury as to "efficient intervening" cause under these circumstances serves only to confuse the issues properly raised in the case.

When the concept of intervening or superseding cause is properly addressed in jury instructions as a part of the plaintiff's proof of proximate or concurring cause, a separate instruction on "efficient intervening" cause is confusing to lay jurors and distracts the jurors from a more direct assessment of whether the defendant's actions have proximately caused the plaintiff's injury. This is both the "appropriate time" and "appropriate case," see *Mundt v. Northwestern Bell Tel. Co.*, 230 Neb. 192, 197, 430 N.W.2d 530, 533 (1988), to instruct the trial courts to discontinue the practice of separately instructing juries on "efficient intervening cause" in favor of the more direct and clear instructions based on the concept of proximate or concurring cause, depending on the facts of a particular case. See *Vredeveld v. Clark*, 244 Neb. 46, 504 N.W.2d 292 (1993) (Lanphier, J., concurring, joined by White, J.) (citing, e.g.,

NJI2d Civ. 3.41, NJI2d Civ. 3.42, and NJI2d Civ. 3.44, as suggested by the Nebraska Supreme Court Committee on Civil Practice and Procedure). The trial courts are so instructed.

## CONCLUSION .

For the foregoing reasons, we reverse the judgment and remand the cause to the district court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.