REBECCA S. DUKAT, APPELLANT, V. LEISERV, INC.,
DOING BUSINESS AS MOCKINGBIRD LANES, APPELLEE.

587 N.W. 2d 96

Filed December 18, 1998.   No. S-96-1257.

Daniel W. Ryberg for appellant.

Richard J. Gilloon, of Erickson & Sederstrom, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is a petition for further review of the Nebraska Court of Appeals' order of reversal and remand for a new trial on the negligence claim of appellant, Rebecca S. Dukat, against appellee, Leiserv, Inc., doing business as Mockingbird Lanes. Leiserv asserts that the Court of Appeals erred in determining that the trial court should not have instructed the jury on the theory of assumption of risk. We affirm.

## BACKGROUND

Dukat arrived at Mockingbird Lanes, a bowling alley in Omaha, Nebraska, at approximately 6 p.m. on February 2, 1994, to bowl in her league games. Dukat walked from her car to the bowling alley on the only sidewalk provided to and from the building. Dukat testified that she noticed the sidewalk was icy. She bowled three games in her league that night. Dukat left the bowling alley around 9 p.m. and retraced her steps on the same sidewalk, which was still ice-covered. As Dukat proceeded along the sidewalk toward her car, she slipped and fell. Dukat suffered a fracture of both bones in her left ankle and a ruptured ligament.

Dukat sued Leiserv and Brunswick Corporation, the parent company of Leiserv, in the district court for Douglas County. Dukat alleged that Leiserv and Brunswick were negligent in failing to keep the sidewalk in a reasonably safe condition, in failing to warn Dukat of a dangerous condition, and in failing to take adequate and reasonable measures to protect Dukat. Leiserv and Brunswick alleged two affirmative defenses: contributory negligence and assumption of risk. At the end of Dukat's evidence at trial, the court granted Brunswick's motion for a directed verdict on the ground that there was no evidence of Brunswick's responsibility or control over the employees of Mockingbird Lanes.

The trial court instructed the jury on the contributory negligence and assumption of risk defenses, and the jury returned a general verdict for Leiserv. Dukat appealed, asserting among other assignments of error that the trial court erred in instructing the jury on contributory negligence and assumption of risk.

The Court of Appeals concluded that Leiserv did not meet its burden of proving that Dukat voluntarily exposed herself to the risk of injury by walking on the icy sidewalk, because "Leiserv did not introduce any evidence of an alternative safe route or course of conduct which would have allowed [Dukat] to safely leave the bowling alley as she had a right to do and wanted to do." *Dukat v. Leiserv, Inc.*, 6 Neb. App. 905, 916, 578 N.W.2d 486, 494 (1998). The Court of Appeals concluded that it was error for the trial court to submit the issue of assumption of risk to the jury. After concluding the assumption of risk instruction was reversible error, the Court of Appeals "deem[ed] it necessary to discuss Dukat's other assignments of error because those questions may recur on retrial." *Id.* The Court of Appeals continued its opinion with an analysis of whether the instruction on contributory negligence was properly given. It concluded that based on Dukat's testimony that she knew of the icy condition of the sidewalk, she might have done things a reasonably careful person might not have. The Court of Appeals stated that a reasonable person might have decided not to navigate the same icy path she had taken earlier without asking the assistance of a friend and that a reasonable person also might have asked a Mockingbird Lanes employee to spread an ice-melting sub-

stance on the sidewalk. Therefore, the Court of Appeals concluded that reasonable minds could arrive at the conclusion that Dukat did not act as a reasonable person and that the slip and fall were contributed to by Dukat's own negligence. As such, the Court of Appeals determined that the trial court was correct in submitting to the jury the question of Dukat's contributory negligence.

Leiserv now asserts the Court of Appeals erred in determining that the record did not contain evidence of an alternative course of conduct. Leiserv focuses on the Court of Appeals' recognition in its contributory negligence analysis that Dukat could have asked a friend for assistance in getting to her car or that she could have asked a Mockingbird Lanes employee to spread an ice-melting substance on the sidewalk. Leiserv argues that this shows the record did contain evidence of an alternative course of conduct. Leiserv further argues that what is seen as a reasonable alternative course of conduct for a contributory negligence instruction should be seen as a reasonable alternative course of conduct for an assumption of risk instruction.

## ASSIGNMENT OF ERROR
Leiserv assigns that the Court of Appeals erred in reversing the jury verdict in favor of Leiserv after concluding that the jury should not have been instructed on assumption of risk.

## STANDARD OF REVIEW
In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998); *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997).

A jury instruction is not error if, taken as a whole, it correctly states the law, is not misleading, and adequately covers the issues. *Scharmann v. Dayton Hudson Corp.*, 247 Neb. 304, 526 N.W.2d 436 (1995).

## ANALYSIS
There is not an issue in this case of an alternate route available to Dukat. In answers to interrogatories entered into evi-

dence, Leiserv admitted that Dukat did not have an alternate route. Therefore, the only issue as to assumption of risk is whether there was an alternative course of conduct.

Before the issue of assumption of risk may be submitted to the jury, the defendant has the burden to establish the elements of assumption of risk, which are that the plaintiff knew of the danger, understood the danger, and voluntarily exposed himself or herself to the danger which proximately caused the plaintiff's injury. *Williamson v. Provident Group, Inc.*, 250 Neb. 553, 550 N.W.2d 338 (1996). Assumption of risk is predicated upon the plaintiff's voluntary exposure to the known danger caused by the defendant's negligence. *McDermott v. Platte Cty. Ag. Socy.*, 245 Neb. 698, 515 N.W.2d 121 (1994).

> "(1) A plaintiff does not assume a risk of harm unless he voluntarily accepts the risk. (2) The plaintiff's acceptance of a risk is not voluntary if the defendant's tortious conduct has left him no reasonable alternative course of conduct in order to (a) avert harm to himself or another, or (b) exercise or protect a right or privilege of which the defendant has no right to deprive him."

*Makovicka v. Lukes*, 182 Neb. 168, 170-71, 153 N.W.2d 733, 735 (1967), quoting Restatement (Second) of Torts § 496 E (1965). If the person against whom the doctrine of assumption of risk is applied is deprived of a choice in the matter, the risk is not assumed, although it may be encountered. *Schwab v. Allou Corp.*, 177 Neb. 342, 128 N.W.2d 835 (1964).

The standard to be applied in determining whether a plaintiff has assumed the risk of injury is a subjective one based upon the particular facts and circumstances of the event. *Williamson v. Provident Group, Inc., supra.* The subjective standard involves what " 'the particular plaintiff in fact sees, knows, understands and appreciates. In this it differs from the objective standard which is applied to contributory negligence.' " *Makovicka v. Lukes*, 182 Neb. at 171, 153 N.W.2d at 735, quoting the Restatement, *supra*, § 496 D, comment *c*.

Leiserv argues that Dukat assumed the risk under the theory of alternative course of conduct by failing to ask someone to assist her outside when she knew of the icy condition of the sidewalk. This conduct would only have exposed two persons to

the risk and would not necessarily have provided Dukat with safe passage to her automobile. Therefore, it is not an alternative course of conduct that would entitle Leiserv to an assumption of risk instruction.

Leiserv also argues that Dukat could have reported the icy conditions to a Mockingbird Lanes employee and requested that an ice-melting substance or sand be applied. Leiserv did not introduce evidence that such action on the part of Dukat would have alleviated the icy condition of the sidewalk.

The Court of Appeals found that Leiserv did not introduce any evidence of an alternative course of conduct and, thus, failed to prove the prerequisites for an assumption of risk instruction. We agree and, therefore, affirm.

## CONCLUSION

The burden to prove the defense of assumption of risk was Leiserv's. There was no issue of an alternate route by reason of Leiserv's answers to interrogatories. The only issue was alternative course of conduct, and Leiserv did not offer proof to support this theory. We agree with the Court of Appeals that an assumption of risk instruction should not have been submitted to the jury.

AFFIRMED.