VALERIE ANN SPRINGER, APPELLANT,
V. TODD BOHLING, APPELLEE.
607 N.W. 2d 836

Filed March 24, 2000.   No. S-99-508.

Rolf Edward Shasteen for appellant.

Gary J. Nedved, of Keating, O'Gara, Davis & Nedved, P.C., for appellee.

WRIGHT, CONNOLLY, GERRARD, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Appellant Valerie Ann Springer was injured when the bicycle she was riding was struck by a vehicle driven by appellee Todd Bohling. Springer sued Bohling, but, pursuant to a jury verdict, the trial court entered judgment for Bohling based upon Springer's contributory negligence. Springer appeals. The primary question presented in this appeal is whether the evidence at trial warranted the giving of jury instructions relating to Springer's duty to yield the right-of-way to approaching traffic.

## FACTUAL AND PROCEDURAL BACKGROUND

The accident in which Springer was injured occurred near the intersection of 14th and Court Streets in Lincoln, Nebraska. This is a T-shaped intersection, such that a vehicle approaching from the east on Court Street must turn either north or south onto 14th Street. Court Street has three lanes at the intersection with 14th Street: one lane for vehicles traveling east, one lane for vehicles turning north onto 14th Street, and a left-turn lane for vehicles turning south onto 14th Street. Vehicles already traveling north or south on 14th Street are not required to stop at this intersection, but there is a stop sign facing traffic approaching from the east on Court Street.

Springer was riding her bicycle home from work at about 5 p.m. on October 15, 1996. Springer rode south on the sidewalk parallel to 14th Street, approaching the intersection of 14th and Court Streets. Springer rode to a private driveway on 14th Street, across from and slightly to the south of Court Street. Springer stopped there and waited for traffic on 14th Street to clear so that she could cross 14th Street and proceed east on Court Street.

As Springer waited, she saw Bohling's vehicle sitting at the stop sign on Court Street in the left-turn lane. The vehicle's left turn signal was on and Bohling was evidently waiting to turn left from Court Street to proceed south on 14th Street. Springer waited between 2 to 5 minutes for traffic to clear on 14th Street.

When the traffic on 14th Street cleared, Springer looked at Bohling's vehicle and confirmed that it was still stationary. Springer then looked across 14th Street where she intended to cross, and rode onto 14th Street. About halfway across the street, Springer looked to her right, and then back to her left toward Bohling's vehicle. Springer did not see the vehicle pull away from the stop sign or begin its turn. When Springer looked back to her left, Bohling's vehicle was already coming toward her. Bohling's vehicle struck Springer, and she was injured. The evidence was undisputed that Bohling never saw Springer prior to impact.

Springer sued Bohling in the district court, alleging negligence. Bohling alleged that the accident was caused by Springer's negligence. The trial court instructed the jury that Bohling had been negligent as a matter of law.

After beginning deliberations, the jury asked the trial court to answer the following question: "Does approaching mean from all directions or does it mean going down the street perpendicular to the driveway?" The trial court instructed the jury, in substance, that "approaching" meant vehicles that were northbound or southbound on North 14th Street. The jury determined that 65 percent of the negligence had been Springer's and that 35 percent had been Bohling's, and the trial court entered judgment for Bohling accordingly.

## ASSIGNMENTS OF ERROR

Springer assigns, consolidated and restated, that (1) the trial court erred in giving jury instructions Nos. 9 and 10 and (2) the jury's verdict was not supported by the evidence.

## STANDARD OF REVIEW

A jury instruction is not error if, taken as a whole, it correctly states the law, is not misleading, and adequately covers the issues. *Dukat v. Leiserv, Inc.*, 255 Neb. 750, 587 N.W.2d 96 (1998). Whether a jury instruction given by a trial court is correct is a question of law. *State v. Brown*, 258 Neb. 346, 603 N.W.2d 456 (1999); *State v. Brown*, 258 Neb. 330, 603 N.W.2d 419 (1999). When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's rul-

ing. *State ex rel. City of Alma v. Furnas Cty. Farms*, 257 Neb. 189, 595 N.W.2d 551 (1999); *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

## ANALYSIS

Springer's argument relates to jury instructions Nos. 9 and 10. Instruction No. 9 provided:

The statutes of the State of Nebraska provide as follows:

Any person who operates a bicycle upon a highway shall have all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle under the Nebraska Rules of the Road.

The driver of a vehicle emerging from an alley, driveway, private road or building, in order to enter a street, shall yield the right-of-way to all vehicles approaching on such street.

Instruction No. 10 provided:

The ordinances of the City of Lincoln provide that the operator of a bicycle about to enter or cross a street or other public way from a sidewalk, sidewalk space, alley, building, driveway, or road shall yield the right-of-way to all vehicles approaching on said roadway.

Springer does not claim that these instructions do not accurately state the law. See, Neb. Rev. Stat. §§ 60-6,314 and § 60-6,149 (Reissue 1998); Lincoln Mun. Code § 10.48.130 (1990). Nor does Springer contest the general proposition that the violation of traffic regulations concerning stop signs, the rate of speed, the manner of operating a motor vehicle on the highway, and the like is not negligence as a matter of law of any kind or degree, but is a fact to be considered with the other evidence in the case in deciding an issue of negligence. See *Bezdek v. Patrick*, 164 Neb. 398, 82 N.W.2d 583 (1957).

Instead, Springer argues that the jury instructions were erroneously given because the evidence did not present a jury question regarding whether Springer failed to yield the right-of-way. Essentially, Springer is arguing that there was no evidence to support a finding that she did not have the right-of-way when she rode her bicycle onto 14th Street.

Springer's argument, both at trial and on appeal, is that Springer had the right-of-way because Bohling's vehicle was

not "approaching" within the meaning of the jury instructions. Springer argues that Bohling was not "approaching" when Springer entered the street because Bohling's vehicle was allegedly stationary when Springer began her crossing.

Nebraska statutes Neb. Rev. Stat. §§ 39-101(10) and 60-655 (Reissue 1998) state that "[r]ight-of-way shall mean the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed, and proximity as to give rise to danger of collision unless one grants precedence to the other."

■ This authority indicates that the standard for determining whether a vehicle is "approaching" is whether or not the vehicle poses an immediate hazard; that is, whether the circumstances are such that there is a danger of collision if one vehicle does not grant precedence to the other.

This definition is almost identical to the definition used by courts in other jurisdictions. In *Peterson v. Lang*, 239 Minn. 319, 58 N.W.2d 609 (1953), an automobile accident case, the Minnesota Supreme Court construed a statute similar to § 60-655 which provided for a driver on a private road to yield to "approaching" vehicles when entering a highway. It was stated:

> It is to be presumed that the legislature in granting the right of way to *approaching* vehicles did not intend the absurd or unreasonable result of including distant vehicles which are wholly outside any zone of danger. . . . As applied to vehicles advancing on the highway, the word *approaching* must be given a reasonable construction. A vehicle on the highway is *approaching* within the meaning of the statute when such vehicle is so close that, if it continues in the same course at the same speed, there is a reasonable likelihood or danger of collision should the vehicle on the private road or driveway enter upon or cross the highway. If there is a reasonable likelihood of a collision, it is the duty of the driver of the vehicle on the private road to delay his entry on the highway until the other vehicle has passed. If, however, the approaching vehicle is so far away that a reasonably prudent person would have reason to believe that, if such vehicle maintains its course at the same rate of

speed, there is no reasonable likelihood or imminent danger of collision, a driver upon a private road may enter upon the highway without violating the statute.

(Emphasis in original.) *Peterson v. Lang*, 239 Minn. at 324, 58 N.W.2d at 612-13. See, also, *Reed v. Green*, 90 Idaho 526, 414 P.2d 445 (1966); *Dwyer v. Christensen*, 77 S.D. 381, 92 N.W.2d 199 (1958); *Plog v. Zolper*, 1 Wis. 2d 517, 85 N.W.2d 492 (1957); *Wakefield v. Horn*, 109 Cal. App. 325, 293 P. 97 (1930).

Bohling testified that he had not seen Springer until the collision. Consequently, Springer's testimony is the only evidence in the record regarding which vehicle entered 14th Street first and thus whether or not Bohling's vehicle was "approaching" when Springer rode onto 14th Street.

Springer's testimony establishes that Bohling's vehicle was stationary at the time that Springer rode onto 14th Street. This testimony was not contradicted by that of Bohling, nor was any other evidence presented which would give rise to a factual question of whether or not Bohling's vehicle was entering 14th Street at the time that Springer made her own entrance onto 14th Street.

Given this uncontroverted testimony, it is clear that Bohling's vehicle could not have been "approaching" Springer on 14th Street at the time that Springer entered the street. As Bohling's vehicle was stationary, it did not constitute an immediate hazard, and at the time that Springer entered 14th Street, there was no danger of collision if Springer did not yield. The danger of collision was created only when Bohling turned onto 14th Street, at which time the uncontroverted evidence establishes that Springer was already traveling on 14th Street.

In short, based upon the evidence presented, it is clear that the duty to yield the right-of-way was not Springer's, but Bohling's. Since there was no evidence sufficient to support a finding that Springer failed to yield the right-of-way, it was error for the trial court to instruct the jury regarding Springer's duty to yield. It is also noted that the giving of instructions Nos. 9 and 10 would not be proper when placed in juxtaposition with the trial court's supplemental instruction to the jury that "approaching" meant vehicles that were northbound or southbound on North 14th Street. The only evidence presented was that Bohling was stopped on Court Street when Springer entered 14th Street and

that therefore, Bohling could not have been northbound or southbound on 14th Street at that time.

■ Jury instructions should be confined to the issues presented by the pleadings and supported by the evidence. *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999); *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994). Submission of an issue on which the evidence is insufficient to sustain an affirmative finding is generally prejudicial and results in a new trial. *Streeks v. Diamond Hill Farms*, 258 Neb. 581, 605 N.W.2d 110 (2000); *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997).

■ We conclude that the trial court committed prejudicial error in giving instructions Nos. 9 and 10 to the jury. Consequently, we must reverse the judgment of the trial court and remand this cause for a new trial. Having so determined, we need not address Springer's remaining assignment of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994).

## CONCLUSION

The trial court committed prejudicial error in instructing the jury regarding Springer's duty to yield the right-of-way to approaching traffic as there was insufficient evidence presented to support the conclusion that Bohling's vehicle was approaching at the time that Springer entered the street. The judgment of the trial court is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

HENDRY, C.J., and STEPHAN, J., not participating.