MAURICE C. MCLAIN, APPELLANT, V. JEFF ORTMEIER
AND KENT ADAMS, APPELLEES.
612 N.W. 2d 217

Filed June 16, 2000.    No. S-99-448.

Andrew J. Hilger for appellant.

Susan E. Fieber, of Nolan, Roach, Olson, Fieber & Lautenbaugh, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

This negligence case involves a collision between two personal watercraft, a jet ski and a Polaris "Wave Runner," at Fremont Lakes State Park. Following trial, the jury returned a verdict for the defendants, Jeff Ortmeier and Kent Adams. The plaintiff, Maurice C. McLain, appealed and petitioned to bypass the Nebraska Court of Appeals. We granted McLain's petition to bypass. McLain appeals the orders of the district court for

Dodge County denying his motion for summary judgment, denying his motion for directed verdict, refusing to give several requested jury instructions, and denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. We affirm.

## STATEMENT OF FACTS

At approximately 8 p.m. on June 21, 1997, McLain was riding a jet ski at Fremont Lakes State Park. Ortmeier was traveling behind McLain on a Polaris "Wave Runner" owned by Adams. McLain and Ortmeier were both traveling east on the south side of Victory Lake. Although the testimony of McLain and Ortmeier differs as to how the collision occurred, they agree that Ortmeier's watercraft struck McLain, who was in the water, and then struck the jet ski McLain had been riding.

Ortmeier testified that as he approached McLain, the jet ski McLain was riding began to move from side to side in a "hot-dogging" fashion. Ortmeier testified that McLain sharply turned to the left without looking behind him and fell off the jet ski. Ortmeier testified that he killed his engine when he saw McLain fall off the jet ski; however, he was unable to avoid McLain, and his watercraft collided with McLain and the jet ski. Ortmeier testified that he had been traveling at approximately 20 miles per hour when he killed the engine and at some speed less than 20 but more than 5 miles per hour when his watercraft struck McLain and the jet ski. Ortmeier testified that he had not consumed alcohol on the day of the collision.

McLain admitted that he had consumed two or three beers before riding the jet ski. McLain admitted that prior to the collision, he had seen Ortmeier approximately 150 feet behind him. McLain denied moving the jet ski from side to side prior to the collision. Instead, McLain testified that he slowed the jet ski in anticipation of heading toward the shore and that he did not fall off the jet ski, but, rather, he sunk into the water as the jet ski slowed.

McLain's motion for summary judgment was heard and denied on November 30, 1998. Trial was held March 2 and 3, 1999. After the presentation of evidence by both sides, McLain moved for a directed verdict, which was denied.

McLain tendered 19 separate jury instructions. The court accepted three of McLain's requested instructions in full and one in part. The court refused two instructions in full without objection by McLain. McLain objected to the refusal in full of the remaining 13 instructions and to the partial refusal of one instruction.

The jury returned a verdict in favor of Ortmeier and Adams, and judgment was entered March 3, 1999. On March 9, McLain filed a motion to set aside the jury verdict and enter judgment in his favor, or, in the alternative, for a new trial. The motion was overruled on March 23. McLain appealed.

## ASSIGNMENTS OF ERROR

McLain asserts that the district court erred in (1) denying his motion for summary judgment, (2) denying his motion for a directed verdict regarding liability, (3) refusing to give "several" requested jury instructions, and (4) denying his motion for judgment notwithstanding the verdict or for a new trial.

## STANDARDS OF REVIEW

■ A denial of a motion for summary judgment is not a final order and therefore is not appealable. *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999).

■ When a motion for directed verdict made at the close of all the evidence is overruled by the trial court, appellate review is controlled by the rule that a directed verdict is proper only where reasonable minds cannot differ and can draw but one conclusion from the evidence, and the issues should be decided as a matter of law. *Streeks v. Diamond Hill Farms*, 258 Neb. 581, 605 N.W.2d 110 (2000).

■ To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the appellant was prejudiced by the court's refusal to give the tendered instruction, (2) the tendered instruction is a correct statement of the law, and (3) the tendered instruction is warranted by the evidence. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). It is not error for a trial court to refuse to give a requested instruction if the substance of the proposed instruction is contained in those instructions actu-

ally given. *Kent v. Crocker*, 252 Neb. 462, 562 N.W.2d 833 (1997). In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *Snyder v. Contemporary Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000). Whether a jury instruction given by a trial court is correct is a question of law. *Springer v. Bohling, ante* p. 71, 607 N.W.2d 836 (2000).

■ In order to sustain a motion for judgment notwithstanding the verdict, the court resolves the controversy as a matter of law and may do so only when the facts are such that reasonable minds can draw but one conclusion. *Snyder v. Contemporary Obstetrics & Gyn., supra.*

■ A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Schwarz v. Platte Valley Exterminating*, 258 Neb. 841, 606 N.W.2d 85 (2000). A trial court's denial of a motion for new trial will be affirmed when the trial court's decision is neither erroneously prejudicial nor an abuse of discretion. *Robison v. Madsen*, 246 Neb. 22, 516 N.W.2d 594 (1994).

■ On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Lackawanna Leather Co. v. Nebraska Dept. of Rev., ante* p. 100, 608 N.W.2d 177 (2000).

## ANALYSIS

### MOTION FOR SUMMARY JUDGMENT

McLain's first assignment of error challenges the district court's denial of his motion for summary judgment. A denial of a motion for summary judgment is an interlocutory order, not a final order, and therefore not appealable. *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999). We, therefore, reject McLain's first assignment of error.

The denial of a summary judgment motion is neither appealable nor reviewable. Whether a denial of summary judgment should have been granted generally becomes moot after a full

trial on the merits. *Doe v. Zedek, supra.* The overruling of a motion for summary judgment does not decide any issue of fact or proposition of law affecting the subject matter of the litigation, but merely indicates that the court was not convinced by the record that there was not a genuine issue as to any material fact or that the party offering the motion was entitled to a judgment as a matter of law. *Id.* After trial, the merits should be judged in relation to the fully developed record, not whether a different judgment may have been warranted on the record at summary judgment. *Id.* McLain's first assignment of error is without merit.

### MOTIONS FOR DIRECTED VERDICT AND FOR JUDGMENT NOTWITHSTANDING VERDICT OR FOR NEW TRIAL

McLain's second and fourth assignments of error are based on his assertion that Ortmeier was negligent as a matter of law because he violated certain navigational rules. For that reason, McLain argues that his motion for directed verdict on liability should have been granted. McLain further claims that his motion for judgment non obstante veredicto or for new trial should have been granted. We disagree with McLain's assertion that Ortmeier was negligent as a matter of law and, therefore, reject his second and fourth assignments of error.

In his second assignment of error, McLain asserts that the district court erred in denying his motion for a directed verdict. At the outset, we note that McLain moved for a "directed verdict for the Plaintiff." We understand that such a motion is a motion for a directed verdict on liability, not negligence. Because liability subsumes a finding of negligence, for Ortmeier to have been liable to McLain, Ortmeier would first have to have been negligent in some respect. Accordingly, we consider whether Ortmeier was negligent as a matter of law.

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an

issue should be decided as a matter of law. *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999). The party against whom the verdict is directed is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Alexander v. Warehouse*, 253 Neb. 153, 568 N.W.2d 892 (1997). A motion for directed verdict should state the specific grounds therefor. *Hill v. City of Lincoln*, 249 Neb. 88, 541 N.W.2d 655 (1996). In reviewing the action of a trial court, an appellate court must treat a motion for directed verdict as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Lackman v. Rousselle, supra.*

A motion for judgment notwithstanding the verdict may be granted when the movant's previous motion for directed verdict, made at the conclusion of all the evidence, should have been sustained. *Farmers & Merchants Bank v. Grams*, 250 Neb. 191, 548 N.W.2d 764 (1996). On a motion for judgment notwithstanding the verdict, the moving party is deemed to have admitted as true all the relevant evidence admitted which is favorable to the party against whom the motion is directed, and, further, the party against whom the motion is directed is entitled to the benefit of all proper inferences deducible from the relevant evidence. *Snyder v. Contemporary Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000). A motion for new trial is to be granted only when error prejudicial to the rights of the unsuccessful party has occurred. *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999).

We have held that the violation of traffic regulations concerning stop signs, the rate of speed, the manner of operating a motor vehicle on the highway, and similar violations are not negligence as a matter of law of any kind or degree, but are facts to be considered with the other evidence in the case in deciding

an issue of negligence. *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000). We have also held that violations of Federal Aviation Administration regulations do not constitute negligence per se, but are evidence of negligence which may be taken into consideration along with all other evidence. *Tank v. Peterson*, 219 Neb. 438, 363 N.W.2d 530 (1985). In *Tank*, we held that evidence of a violation of regulations by the defendant created a jury question on the issue of negligence and proximate cause and that therefore, a directed verdict was improper.

In the instant case, McLain asserts that even under Ortmeier's version of the facts, Ortmeier violated certain navigational rules and that therefore, Ortmeier was negligent as a matter of law. Assuming without deciding that Ortmeier violated navigational rules, such violations do not constitute negligence per se, but are merely evidence which could be taken into consideration by the jury in determining negligence. Taking the facts as testified to by Ortmeier, the instant case is similar to a situation in which we have said that a following driver need not anticipate that a motorist will suddenly stop or slow on a roadway, but when a collision occurs and a dispute exists as to whether such a stop was made, the issue of the following driver's negligence is for the jury. *Martin v. Roth*, 252 Neb. 969, 568 N.W.2d 553 (1997). The issue of negligence in the instant case was an issue for the jury to decide. Ortmeier was not negligent as a matter of law, and we conclude that the trial court did not err in denying McLain's motion for directed verdict.

In his fourth assignment of error, McLain claims that he should have been granted judgment notwithstanding the verdict or a new trial because a reasonable jury could not have found in Ortmeier's favor. For purposes of McLain's motion for judgment notwithstanding the verdict, the district court was required to deem that McLain admitted as true all relevant evidence favorable to Ortmeier, and Ortmeier was entitled to the benefit of all proper inferences deducible from the relevant evidence. *Snyder v. Contemporary Obstetrics & Gyn., supra.* Under Ortmeier's version of the facts, McLain was moving from side to side on the jet ski in a "hot-dogging" fashion and fell off his jet ski immediately prior to the collision. McLain testified that just prior to the collision, he had seen Ortmeier traveling 150

feet behind him. There is testimony from which a jury could have found that given McLain's conduct, a collision was unavoidable and that therefore, Ortmeier was not at fault. From these facts, the jury could have found that McLain's own negligence contributed to the collision and it could have found that McLain had not met his burden of proving either that Ortmeier was negligent or that Ortmeier's negligence was a proximate cause of McLain's injury and damage. The district court did not err in denying McLain's motion for judgment non obstante veredicto or for new trial.

## JURY INSTRUCTIONS

As his third assignment of error, McLain asserts that the district court "erred in refusing to grant several requested jury instructions." In his initial brief, McLain merely lists the proposed instructions that were refused and states that because they were "fundamental rules of law applicable to the facts of the case, the court's refusal to instruct accordingly was erroneous and prejudicial to appellant." Brief for appellant at 29.

To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the appellant was prejudiced by the court's refusal to give the tendered instruction, (2) the tendered instruction is a correct statement of the law, and (3) the tendered instruction is warranted by the evidence. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). It is not error for a trial court to refuse to give a requested instruction if the substance of the proposed instruction is contained in those instructions actually given. *Kent v. Crocker*, 252 Neb. 462, 562 N.W.2d 833 (1997). In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *Snyder v. Contemporary Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000). Whether a jury instruction given by a trial court is correct is a question of law. *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000).

We have held that a generalized and vague assignment of error that does not advise an appellate court of the issue submit-

ted for decision will not be considered. *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998); *Meis v. Grammer*, 226 Neb. 360, 411 N.W.2d 355 (1987); *Coyle v. Janssen*, 212 Neb. 785, 326 N.W.2d 44 (1982). We find that McLain's third assignment of error is too generalized and vague to advise either this court or Ortmeier and Adams of the issues he submits for decision in regard to jury instructions.

McLain does not explain in his initial brief why the tendered instructions were correct statements of law, why such instructions were warranted by the evidence, or how he was prejudiced by the district court's refusal to give the tendered instructions. In response to Ortmeier and Adams' brief, which points out that McLain failed to assign, argue, or establish reversible error from the district court's refusal to give his proposed instructions, McLain provides an explanation in his reply brief. However, discussion in the reply brief was inadequate to put Ortmeier and Adams on notice of McLain's arguments in order that they might effectively respond to such arguments.

We have reviewed the jury instructions given by the district court, and we conclude that taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence in the instant case. We therefore reject McLain's third assignment of error.

## VI. CONCLUSION

We conclude that the denial of McLain's motion for summary judgment is not reviewable, that the district court did not err in denying McLain's motions for directed verdict and for judgment notwithstanding the verdict or for new trial, and that the district court properly instructed the jury. We conclude that McLain's assignments of error are without merit. We affirm.

AFFIRMED.