TONI E. MCCLURE, APPELLANT, V. WILTON AND EILEEN FORSMAN AND CROSSROADS FARMS, INC., APPELLEES.

617 N.W.2d 640

Filed October 3, 2000.     No. A-99-731.

Lyle Joseph Koenig, of Koenig & Stover, for appellant.

Daniel M. Placzek, of Luebs, Leininger, Smith, Busick, Johnson, Baack, Placzek & Steele, for appellees.

HANNON, INBODY, and MOORE, Judges.

INBODY, Judge.

## INTRODUCTION

Toni E. McClure brought a civil action to recover for injuries suffered when she lost control of her van on a county road in Hamilton County, Nebraska, which had been saturated by the spray from a pivot irrigation system owned by Wilton and Eileen Forsman and Crossroads Farms, Inc., hereinafter referred to collectively as "the Forsmans." McClure alleged that her injuries were caused by the Forsmans' negligence in allowing the spray from the pivot irrigation system to saturate the road. Following a jury trial, a verdict was returned for the Forsmans, and McClure has timely appealed to this court.

## STATEMENT OF FACTS

At approximately 6 a.m. on August 31, 1995, McClure was traveling in a 1989 Voyager van on a gravel road in Hamilton County. It was still dark outside, and McClure was utilizing the van's headlights. The road was dry, and McClure was traveling at the posted speed limit of 50 m.p.h. Approximately 2½ miles from her home, McClure saw a dark patch in the road. Because McClure did not know what the dark patch was, she started to slow down.

As McClure was braking, the van started to slide from the right side of the road to the left side. Although McClure attempted to keep the van on the road and to drive around the black patch, she lost control of the van while attempting to maneuver around the black patch. The van then went off the road into the left ditch, hit an embankment, and landed on the

passenger side. McClure could not get out of the van because her seatbelt was keeping her in place. After 10 to 15 minutes, McClure was cut free from the seatbelt by persons who had arrived on the scene. The black patch was actually a wet spot in the road which was caused by overspray from the Forsmans' pivot irrigation system.

McClure filed an amended petition alleging her accident and subsequent injuries were caused by the Forsmans' negligence in the following respects: (1) injuring or obstructing a public road by diverting water onto or across such road as to saturate, or impair the maintenance, construction, or passability of such public road, and (2) failing to contain the spray from the pivot to the Forsmans' private property. McClure's amended petition further alleged that Wilton Forsman pled guilty in Hamilton County Court to one count of having the spray from a pivot damaging the road and that this plea constituted an admission of negligence.

The Forsmans denied the allegations contained in McClure's amended petition and denied any negligence. Further, the Forsmans admitted that Wilton Forsman pled guilty to one count of having the spray from a pivot damaging the road, but denied that this plea constituted an admission of negligence. Additionally, the Forsmans affirmatively alleged that McClure's injuries and damages were proximately caused by her contributory negligence in the following respects: (1) She failed to keep and maintain a proper lookout, (2) she failed to have her vehicle under reasonable control, and (3) she drove at a speed greater than was reasonable and proper under the conditions then and there existing. The Forsmans also affirmatively alleged that McClure's injuries and damages were proximately caused by an extraordinary force of nature, consisting of high winds which blew water from the Forsmans' pivot onto the road.

A jury trial was held on March 22 and 23, 1999. Evidence was adduced as previously set forth. Additionally, during trial, Wilton Forsman admitted that the wet spot on the road was caused by overspray from the Forsmans' pivot irrigation system.

During the jury instruction conference, the district court proposed the following jury instruction, and McClure adopted it as her own:

This case involves an accident that occurred in Hamilton County, Nebraska, on August 31, 1995.

The Plaintiff, Toni E. McClure, claims that the Defendants, Wilton and Eileen Forsman, and Crossroad[s] Farms, Inc., were negligent in one or more of the following ways:

1. Injuring or obstructing a public road by diverting water onto or across such road as to saturate, or impair the maintenance, construction, or passability of such public road; and

2. Failure to contain the spray of pivot to their private property.

The Forsmans objected to this instruction, and upon further consideration, the court declined to give this proposed instruction and instead gave the following instruction over McClure's objection:

This case involves an accident that occurred in Hamilton County, Nebraska, on August 31, 1995.

The Plaintiff, Toni E. McClure, claims that the Defendants, Wilton and Eileen Forsman, and Crossroad[s] Farms, Inc., were negligent in failing to take reasonable steps to prevent water from their pivot irrigation system from spraying onto K Road.

The plaintiff also claims that she was injured as a result of that negligence, and seeks a judgment against the defendants for her damage.

The defendants deny the plaintiff's allegations.

Following deliberations, the jury returned a verdict for the Forsmans.

On March 31, 1999, McClure filed a motion for a new trial alleging, inter alia, error in the jury instructions and juror misconduct during deliberations. On May 6, 1999, a hearing was held on McClure's motion for a new trial, at which time McClure offered exhibit 18, an affidavit of a juror, in support of the motion for a new trial. The juror affidavit set forth, inter alia, that the jury utilized personal knowledge of the road and accident location and pivot irrigation systems in arriving at the verdict. The Forsmans objected to the affidavit, and the court reserved ruling on the affidavit's admissibility.

On May 27, 1999, the court entered an order overruling McClure's motion for a new trial. The court rejected McClure's argument that jury instruction No. 2 was erroneous. Additionally, the court specifically found that exhibit 18, the juror affidavit, was not admissible and sustained the Forsmans' objection to the affidavit. Further, with regard to McClure's claim that the jurors committed misconduct during deliberations, the court stated:

> In her motion and subsequent argument, [McClure] asserts that the jurors empaneled in this case committed misconduct during their deliberations. Specifically, [McClure] argues that jurors were familiar with the condition of the road where the accident giving rise to this lawsuit occurred, were well-acquainted with the [Forsmans], brought their outside experience with pivot irrigation systems into their deliberations, and considered other extraneous evidence. The statements contained in the proffered exhibit 18 are not extraneous information. The fact that jurors may have been familiar with the location of the accident is not sufficient to merit the granting of a new trial. Neither does their familiarity with pivot irrigation systems and discussions regarding the wind during their deliberations rise to such a level.

McClure has timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, McClure contends that the Hamilton County District Court erred in (1) giving jury instruction No. 2, which changed McClure's burden of proof by requiring McClure to identify what reasonable steps the Forsmans could have taken to prevent water from their pivot irrigation system from spraying onto the road, and (2) in refusing to grant a new trial on the ground that jurors used their personal knowledge, instead of the evidence adduced at trial, in reaching their verdict.

## ANALYSIS

McClure's first assigned error is that the Hamilton County District Court erred in giving jury instruction No. 2, which McClure alleges changed her burden of proof by requiring her

to identify what reasonable steps the Forsmans could have taken to prevent water from their pivot irrigation system from spraying onto the road. McClure claims that this instruction changed her burden after the case had been tried and "thrust upon her a new burden of which she was previously unaware, and which therefore, she had not attempted to prove." Brief for appellant at 9.

The Forsmans, on the other hand, contend that jury instruction No. 2 was a proper instruction and that failure to so instruct the jury would have constituted error by the district court. More specifically, the Forsmans claim that had jury instruction No. 2 not been given, the jury would have been erroneously instructed that violation of a statute (in this case, the offense of having the spray from a pivot damaging the road) was negligence per se and would have the result of imposing strict liability for violation of said statute on the Forsmans. We disagree, as the instructions given to the jury specifically set forth that violation of a statute is merely evidence of negligence and does not constitute negligence per se.

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Everts v. Hardcopf-Bickley*, 257 Neb. 151, 595 N.W.2d 911 (1999); *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998); *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996); *Hamernick v. Essex Dodge Ltd.*, 247 Neb. 392, 527 N.W.2d 196 (1995). Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Morris v. Rochester Midland Corp.*, 259 Neb. 870, 612 N.W.2d 921 (2000); *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000).

In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000); *Snyder v. Contemporary*

*Obstetrics & Gyn.*, 258 Neb. 643, 605 N.W.2d 782 (2000). Whether a jury instruction given by a trial court is correct is a question of law. *McLain v. Ortmeier, supra*; *Springer v. Bohling*, 259 Neb. 71, 607 N.W.2d 836 (2000).

In the instant case, jury instruction No. 2 given by the court stated: "The Plaintiff, Toni E. McClure, claims that the Defendants, Wilton and Eileen Forsman, and Crossroad[s] Farms, Inc., were negligent in failing to take reasonable steps to prevent water from their pivot irrigation system from spraying onto K Road." In fact, this is not what McClure claimed in her amended petition. McClure's amended petition claimed that the Forsmans were negligent in (1) injuring or obstructing a public road by diverting water onto or across such road as to saturate, or impair the maintenance, construction, or passability of such public road, and (2) failing to contain the spray from the pivot to the Forsmans' private property. McClure presented evidence as to these issues, including evidence regarding Wilton Forsman's guilty plea to a violation of a Nebraska statute prohibiting having the spray from a pivot damage a road. Additionally, during trial, Wilton Forsman admitted that the wet spot on the road was caused by overspray from the Forsmans' pivot irrigation system.

A litigant is entitled to have the jury instructed only upon those theories of the case which are presented by the pleadings and which are supported by competent evidence. *Streeks v. Diamond Hill Farms*, 258 Neb. 581, 605 N.W.2d 110 (2000); *Everts v. Hardcopf Bickley, supra*; *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997). Furthermore, jury instructions should be confined to the issues presented by the pleadings and supported by the evidence. *Springer v. Bohling, supra*; *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999); *Long v. Hacker*, 246 Neb. 547, 520 N.W.2d 195 (1994).

Since jury instruction No. 2 did not instruct the jury as to the issues presented by the pleadings and supported by competent evidence, such instruction was given in error. This error clearly affected McClure's substantial rights, as this instruction placed upon her a new burden to establish what reasonable steps the Forsmans could have taken to prevent water from their pivot irrigation system from spraying onto the road. Consequently, the

district court's judgment must be reversed and the cause remanded for a new trial.

Because the judgment must be reversed and the cause remanded for a new trial, we need not address McClure's second assigned error that the district court erred in denying her motion for a new trial based upon juror misconduct, as this issue is unlikely to arise again on retrial. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court is not obligated to engage in analysis which is not necessary to adjudicate case and controversy before it).

REVERSED AND REMANDED FOR A NEW TRIAL.