SHIRLEY GERKEN, APPELLANT, V.
HY-VEE, INC., APPELLEE.
660 N.W.2d 893

Filed May 6, 2003.   No. A-01-940.

Michael B. Kratville for appellant.

Daniel J. Welch, of Welch Law Firm, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Shirley Gerken appeals from the district court's order granting the motion in limine of Hy-Vee, Inc. Gerken also appeals from the district court's orders granting Hy-Vee's motion for a directed verdict and denying her motion for new trial. The district court erred when it granted Hy-Vee's motion for a directed verdict. The district court also erred in granting Hy-Vee's motion in limine. Regarding the motion in limine, the district court excluded testimony under Neb. Rev. Stat. § 27-801(4)(b)(iv) (Reissue 1995) because the statement made by Hy-Vee's employee was an opinion and not a statement of fact. We find that § 27-801(4)(b)(iv)

does not require a statement to be one of fact for it to be admissible under this rule. As such, we reverse, and remand for a new trial.

## II. BACKGROUND

On September 6, 1996, Gerken entered the Hy-Vee store located at 96th and Q Streets in Omaha, Nebraska. Gerken went into the store to purchase a money order at the service counter. After purchasing her money order, Gerken returned to the front of the store the same way she came in. On her way to the front, Gerken was "walking . . . at a normal pace and all of sudden [she] just sat down [her] foot went out from underneath [her]."

Kenneth Jeffrey Loos, a shift manager at Hy-Vee, helped Gerken after she fell. Gerken contends that Loos told her Hy-Vee "had just hired a new maintenance person and [the maintenance person had] applied too much wax to the floor." Gerken then filled out an accident report. After her fall, Gerken saw several doctors, and at the time of trial, she expected she would need to have surgery on her left foot.

On June 23, 1999, Gerken filed a petition alleging that Hy-Vee was negligent in failing to maintain its floor in that it applied too much wax to the floor. Gerken also alleged that Hy-Vee was negligent in not "provid[ing] mats over the newly waxed area when the employees of [Hy-Vee] knew or should have known of the waxy conditions." Gerken stated that "as a direct and proximate result of the negligence of [Hy-Vee], by and through its agents and employees," Gerken suffered an injury. Gerken also alleged that she should be compensated for the injuries she contends she suffered as a result of the fall.

Trial was held on April 30, 2001. At trial, Hy-Vee made a motion in limine to preclude Gerken from testifying about what Loos told her the day of the accident. Hy-Vee argued that Loos' statements regarding the wax on the floor were not admissible. Hy-Vee argued that for Loos' statements to be admissible, they had to be "statements of fact and not a statement of conjecture or not based on foundation." Gerken argued that the cases cited by Hy-Vee predated the codification of the Nebraska rules of evidence and, therefore, did not apply. The court granted Hy-Vee's

motion in limine. Gerken then waived her right to jury trial and proceeded to present evidence to the court.

Gerken testified about the accident of September 6, 1996. Hy-Vee objected to Gerken's testifying about what Loos told her after the accident. Gerken's attorney had her make an offer of proof to preserve the testimony for the record. In her offer of proof, Gerken stated that Loos told her Hy-Vee "had just hired a new maintenance person and [the maintenance person had] applied too much wax to the floor." On cross-examination, Hy-Vee's attorney raised the issue of what Loos told Gerken after the accident. The record indicates that Hy-Vee was attempting to draw out an inconsistency between Gerken's deposition testimony and her offer of proof, to which Hy-Vee's objection had been sustained. Hy-Vee asked Gerken the following on cross-examination:

[Counsel for Hy-Vee:] Do you recall on February 17th of 2000, last year, you and I had a chance to talk right?

[Gerken:] Right.

[Counsel for Hy-Vee:] And that was when I took your deposition, correct?

[Gerken:] That's correct.

[Counsel for Hy-Vee:] Okay. And at that time the court reporter swore you in; is that right?

[Gerken:] That's right.

. . . .

[Counsel for Hy-Vee:] Just very quickly, do you remember at that time that you made the statement that . . . Loos told you at the time of the accident, and I'm quoting your words, ["]I've just hired a new maintenance person a couple days ago and I *think* he's put too much wax on the floor["]? Do you remember telling me that?

[Gerken:] Yes.

[Counsel for Hy-Vee:] Is that what he said?

[Gerken:] Yes.

[Counsel for Hy-Vee:] And you're not changing your testimony here today, are you?

[Gerken:] No, sir.

(Emphasis supplied.)

After testifying, Gerken submitted several exhibits on her own behalf. After Gerken concluded her presentation of evidence, Hy-Vee made a motion for a directed verdict. The court took a short recess and then granted Hy-Vee's motion, dismissing the case with prejudice.

On May 9, 2001, Gerken filed a motion for new trial. The court denied this motion on July 17. Gerken filed her notice of appeal on August 14.

## III. ASSIGNMENTS OF ERROR

On appeal, Gerken assigns three errors. First, Gerken contends the district court erred in granting Hy-Vee's motion in limine. Second, Gerken contends the district court erred in granting Hy-Vee's motion for a directed verdict. Finally, Gerken contends the district court erred in not granting her motion for new trial.

## IV. ANALYSIS

### 1. DIRECTED VERDICT

In considering an appeal from an order granting a motion for a directed verdict at the close of the plaintiff's case, an appellate court must determine whether the cause of action was proved and in so doing must consider the plaintiff's evidence as true and give the plaintiff the benefit of reasonable conclusions deducible from that evidence. *King v. Crowell Memorial Home*, 261 Neb. 177, 622 N.W.2d 588 (2001); *Detmer v. Bixler*, 10 Neb. App. 899, 642 N.W.2d 170 (2002). A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000); *McLaughlin v. Hellbusch*, 256 Neb. 615, 591 N.W.2d 569 (1999). The party against whom the verdict is directed is entitled to have every controverted fact resolved in his or her favor and to have the benefit of every inference which can reasonably be drawn from the evidence. *R.W. v. Schrein*, 264 Neb. 818, 652 N.W.2d 574 (2002). If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *McLain v. Ortmeier, supra*; *McLaughlin v. Hellbusch, supra*.

The record indicates that during the direct examination of Gerken in her case in chief, she testified in an offer of proof that Loos told her shortly after she fell that Hy-Vee "had just hired a new maintenance person and [the maintenance person had] applied too much wax to the floor." On cross-examination, however, Hy-Vee attempted to draw out inconsistencies between Gerken's deposition testimony and the offer of proof she made on direct examination. Hy-Vee asked Gerken about Loos' statement. Gerken then confirmed that Loos in fact told her, "I've just hired a new maintenance person a couple days ago and I *think* he's put too much wax on the floor." (Emphasis supplied.)

When Loos' statement was in the record only as an offer of proof, it was not evidence that could be considered by the trier of fact. Apparently, Hy-Vee's attorney was attempting to impeach Gerken by his pointing out of inconsistencies between her deposition testimony and her in-court offer of proof. When Hy-Vee asked Gerken about Loos' statement, it essentially elicited the very testimony that its motion in limine was meant to exclude.

Because of the testimony elicited during Hy-Vee's cross-examination of Gerken, there was now evidence in the record, when Hy-Vee moved for a directed verdict, that Loos told Gerken, "I've just hired a new maintenance person a couple days ago and I think he's put too much wax on the floor." As mentioned above, when a court is considering a directed verdict, all inferences that can be reasonably drawn from the evidence are resolved in favor of the nonmoving party. Additionally, a directed verdict should be granted only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion.

In this case, the facts were not undisputed or conceded. The parties did not agree that Loos told Gerken, "I've just hired a new maintenance person a couple days ago and I think he's put too much wax on the floor." In examining this statement, if we resolve all reasonable inferences in favor of Gerken, the directed verdict should not have been granted. This statement is evidence that a trier of fact could conclude that Hy-Vee knew about the condition of the floor but did nothing to correct the situation.

The trial court erred in granting Hy-Vee's motion for a directed verdict. This case is therefore remanded to the trial court for a new trial. Because the case is being remanded for a new trial, we will address whether the evidentiary question contained in Hy-Vee's motion in limine was properly decided. We address this assignment of error to the extent that it involves an issue likely to recur on remand. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal where those issues are likely to recur during further proceedings. *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000).

## 2. MOTION IN LIMINE

### (a) Preservation of Objection

A motion in limine is a procedural step to prevent prejudicial evidence from reaching the jury. *McCune v. Neitzel*, 235 Neb. 754, 457 N.W2d 803 (1990). It is not the office of a motion in limine to obtain a final ruling upon the ultimate admissibility of the evidence. *Molt v. Lindsay Mfg. Co.*, 248 Neb. 81, 532 N.W.2d 11 (1995). Therefore, when a court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence is offered at trial in order to predicate error before an appellate court. *McCune v. Neitzel, supra.* By the same token, in order to preserve any error before an appellate court, the party opposing a motion in limine which was granted must make an offer of proof outside the presence of the jury unless the evidence is apparent from the context within which the questions were asked. See, *Thrift Mart v. State Farm Fire & Cas. Co.*, 251 Neb. 448, 558 N.W.2d 531 (1997), *overruled on other grounds, Hornig v. Martel Lift Systems*, 258 Neb. 764, 606 N.W.2d 764 (2000); Neb. Rev. Stat. § 27-103(1)(b) (Reissue 1995).

In this case, Gerken made an offer of proof to preserve her testimony. The offer of proof consisted of Gerken testifying to what Loos told her right after the accident. Gerken testified that Loos told her Hy-Vee "had just hired a new maintenance person and [the maintenance person had] applied too much wax to the floor." Since Gerken made an offer of proof and preserved her testimony, we are able to review the court's decision to exclude her testimony.

### (b) Merits

At trial, Gerken argued that these statements should be admitted under Neb. Rev. Stat. § 27-801(4)(b) (Reissue 1995), an exception to the hearsay doctrine. Hy-Vee argued that Gerken should not be able to testify to Loos' statements because the statements were not ones of "fact" and therefore could not be considered "admission[s]."

To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded. *Wagner v. Union Pacific RR. Co.*, 11 Neb. App. 1, 642 N.W.2d 821 (2002). A court's decision to admit statements under § 27-801(4)(b)(iv) is reviewed for abuse of discretion. See *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986). An abuse of discretion occurs when the trial judge's reasons or rulings are clearly untenable. *Wagner v. Union Pacific RR. Co., supra.*

To address whether the court erred in excluding Gerken's testimony, we examine § 27-801(4)(b)(iv). Under § 27-801(4), "[a] statement is not hearsay if . . . (b) [t]he statement is offered against a party and is . . . (iv) a statement by his agent or servant within the scope of his agency or employment."

In *Bump v. Firemens Ins. Co., supra*, the Nebraska Supreme Court analyzed when a statement by an employee or agent is admissible under § 27-801(4)(b)(iv). Section 27-801(4)(b)(iv) is patterned on Fed. R. Evid. 801(d)(2)(D). As noted in *Bump*, 221 Neb. at 685, 380 N.W.2d at 274, the advisory committee notes to Fed. R. Evid. 801(d)(2)(D) state:

> "The tradition has been to test the admissibility of statements by agents, as admissions, by applying the usual test of agency. Was the admission made by the agent acting in the scope of his employment? Since few principals employ agents for the purpose of making damaging statements, the usual result was exclusive of the statement. Dissatisfaction with this loss of valuable and helpful evidence has been increasing. A substantial trend favors admitting statements related to a matter within the scope of the agency or employment."

The Nebraska Supreme Court in *Bump* cited cases from other jurisdictions in order to define when evidence should be admitted under this rule. However, in *Bump*, the issue was whether an insurance agent could be considered an "'agent or servant [speaking] within the scope of his agency or employment,'" 221 Neb. at 685, 380 N.W.2d at 274, not whether the agent's statement was inadmissible because it was an opinion. One case *Bump* cited in an effort to define what statements were admissible under § 27-801(4)(b)(iv) was a federal case, *Kaiser Aluminum & Chemical v. Ill. Cent. Gulf R. Co.*, 615 F.2d 470 (8th Cir. 1980). In *Kaiser Aluminum & Chemical*, a railroad employee gave an opinion of what caused a shipment of bauxite to become contaminated. The employee stated that "'[i]t is *highly likely* that contamination originated with one or more railcars.'" (Emphasis supplied.) 615 F.2d at 476. The Eighth Circuit found that this statement of opinion was admissible against the railroad under Fed. R. Evid. 801(d)(2)(D). While the Nebraska Supreme Court in *Bump* did not focus on the *opinion* portion of the railroad employee's statement, it did cite *Kaiser Aluminum & Chemical* favorably for the proposition that the employee's statement was admissible under § 27-801(4)(b)(iv).

An Alaska case, *Rutherford v. State*, 605 P.2d 16 (Alaska 1979), was also cited by the court in *Bump*. In *Rutherford*, the Alaska Supreme Court admitted memoranda written by state troopers involved in an accident where another state trooper hit a car. The memoranda were admitted pursuant to Alaska's evidence rule, which is identical to Fed. R. Evid. 801(d)(2)(D) and § 27-801(4)(b)(iv). The statement contained in one memorandum included the opinion that "'Trooper Port *could have* avoided the accident had he approached the difficult intersection at a slower speed . . . .'" (Emphasis supplied.) 605 P.2d at 20. The statement in the second memorandum was as follows:

> "It is *my opinion* that the responsibility for the accident lies with both drivers. . . .
>
> . . . .
>
> . . . I do *feel* that [Trooper Port] used poor judgment in entering a blind intersection at 30 MPH, against the red light and on icy streets.

I recommend a letter of reprimand be placed in Trooper Port's personnel file."

(Emphasis supplied.) *Id.*

In *Rutherford*, the State objected to the admission of the statements contained in the memoranda because the statements contained opinions. The *Rutherford* court found that this argument was "without merit." 605 P.2d at 24. The court stated that "the majority view is that an admission is not inadmissible because it is not based on firsthand knowledge or is made in the form of an otherwise inadmissible opinion. This majority view is that adopted in the Alaska Rules of Evidence and rejects the state's arguments on this point." *Rutherford*, 605 P.2d at 24-25. As a result, the *Rutherford* court found that the memoranda were admissible as the "statement of a party opponent made by an agent or employee concerning a matter within the scope of his agency or employment." *Id.* at 23. Again, the Nebraska Supreme Court did not specifically cite *Rutherford* for the rule regarding whether an opinion is admissible under § 27-801(4)(b)(iv), but cited it favorably for admitting the opinion under this statute and the corresponding evidence rule.

We find the reasoning set out in the cases cited above to be persuasive and apply it to the case at hand. Gerken contended that Loos told her, shortly after the accident, "I've just hired a new maintenance person a couple days ago and *I think* he's put too much wax on the floor." (Emphasis supplied.) Hy-Vee does not argue on appeal, nor did it argue at trial, that Loos did not have the authority to make the statement he made. Hy-Vee does not contend that the statement Loos made was outside the scope of his agency or employment. In short, Hy-Vee does not argue that Loos' statement does not fit within § 27-801(4)(b)(iv). As such, the only issues left to be resolved are whether the court erred when it found that statements of opinion were inadmissible under § 27-801(4)(b)(iv) and whether Gerken was denied a substantial right when the court did not allow her to testify to Loos' statement.

■ Hy-Vee's contentions that Loos' statement must be of a factual nature to be an admission are misplaced. The cases Hy-Vee cites on appeal were all decided before Nebraska codified its rules of evidence. Loos' statement is evidence that

Hy-Vee knew that there was too much wax on the floor but still did not do anything to make the floor safer. The fact that Loos' statement was made in the form of an opinion is not dispositive. Nothing in § 27-801(4)(b)(iv) indicates that for this rule to be applicable, the statement made by the agent or the employee must be "factual." See, *Kaiser Aluminum & Chemical v. Ill. Cent. Gulf R. Co.*, 615 F.2d 470 (8th Cir. 1980); *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986); *Rutherford v. State*, 605 P.2d 16 (Alaska 1979). (These cases did not find that § 27-801(4)(b)(iv) requires such a statement to be one of fact.) A statement need not be one of fact to be admissible under § 27-801(4)(b)(iv).

We find that Gerken was denied a substantial right to present reliable evidence. Without this evidence, Gerken's ability to prove causation was affected. Loos' statement was Gerken's most compelling evidence that Hy-Vee should be held liable for the injuries she sustained.

We find that the district court abused its discretion when it excluded Gerken's testimony. When following remand, a new trial takes place, the statements at issue should not be excluded for the reasons previously set forth by the trial court.

### 3. MOTION FOR NEW TRIAL

Based on the above decision, it is unnecessary to address Gerken's remaining assignment of error regarding her motion for new trial, because such analysis is not necessary for disposition of this case. See *McFadden v. Winters & Merchant, Inc.*, 8 Neb. App. 870, 603 N.W.2d 31 (1999).

### V. CONCLUSION

The district court erred when it granted Hy-Vee's motion for a directed verdict. The district court also erred when it granted Hy-Vee's motion in limine. Given our resolution of the appeal, we need not address Gerken's remaining assigned error.

REVERSED AND REMANDED FOR A NEW TRIAL.